Lucille Young, Respondent, v. Ben M. Thompson, Appellant.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Divorce—Property Settlement—Husband and Wife. The courts recognize the right of husband and wife in a divorce case to settle their property rights out of court by agreement between themselves, and will not, without some reason appearing therefor, disturb it.

2.—Same—Same—Same. A husband may be required to perform contract for settlement of property rights made with wife before divorce the same as he would be required to perform any other contract with any other person.

3.—Same—Same—Same. Recital in contract between husband and wife for settlement of property rights before divorce that such rights had been satisfactorily settled held not to constitute an agreement that such contract had been performed.

4.—Appellate Practice—Appeal and Error. Finding of trial court, supported by substantial evidence, is binding on Court of Appeals.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 878, n. 82; Divorce, 19CJ, p. 251, n. 70; Husband and Wife, 30CJ, p. 1064, n. 92 New; p. 1068, n. 2.

Appeal from the Circuit Court of Howell County.—Hon. E. P. Doris, Judge.

Affirmed.

*Morrow & Morrow* for appellant.

(1) A judgment as to property rights is impervious to collateral attack in this action, when the court had jurisdiction that rendered such judgment. Naeglin v. Edwards, 228 S. W. 764; Cobe v. Ricketts, 111 Mo. App. 113; Cox v. Boyce, 152 Mo. 576; Fitzgerald v. Road District, 195 S. W. 697; Peeters v. Schultz, 254 S. W. 182. (2) An unappealed decree of divorce is final as to alimony, and cannot be changed except on new facts occurring after the trial which will justify such change. 19 C. J., 350, 351; Eaton v. Eaton, 237 S. W. 896-7; Hull v. Hull, 280 S. W. 1061. (3) Parole contemporaneous evidence is inadmissible to alter, vary or contradict the terms of a valid written instrument like Exhibit "A." Rogers v. Frembed, 261 S. W. 105; Bert v. Rhodes, 258 S. W. 40. (4) When a receipt contains the elements of a contract, it may not be contradicted or overthrown by parol. Bert v. Rhodes, 258 S. W. 40; Hahs v. Railroad, 147 Mo. App. 262.

*J. N. Burroughs* and *Geo. T. Humphreys* for respondent.

COX, P. J.—Action upon contract. Trial by court and finding 'for plaintiff for $175. Defendant appealed.

Plaintiff and defendant were formerly husband and wife, but separated and defendant secured a divorce from plaintiff. Plaintiff's cause of action is based upon an alleged settlement of the property rights between her and her husband prior to the filing of the petition for divorce against her. She testified that he had agreed to pay her $500 and to sell some live stock which she contended belonged to her and then pay her the proceeds of that sale. That he paid her $325 at the time the agreement was made and was to pay the balance of the $500 the next Fall but had not paid it and had not paid her anything for the live stock. She also testified that she had nothing when she married the defendant and that the live stock which she claimed as hers had been given her by defendant. She was corroborated by her mother. The defendant also testified that they had a settlement of their property rights before the divorce suit was filed but denied he was to pay anything for live stock she claimed to own or that he was to pay any more than the $325 which he paid at the time the agreement was made. At the time the settlement between them was made, she signed a document acknowledging receipt of the copy of the petition for divorce, waiving service of process and agreed that the cause might be tried at the convenience of the court. In this document she stated that she and defendant had settled all their property rights and that she accepted the settlement made with her and in consideration thereof waived all her marital rights in her husband's property, including dower and all statutory rights. The circuit court of Howell county rendered a decree of divorce in favor of defendant against this plaintiff in which it was recited that the parties had settled their property rights and then found for the plaintiff in that case who is the defendant in this case and rendered the decree in his favor.

It is contended by appellant that whatever he had agreed to pay this plaintiff in settlement of their property rights amounted to the same thing as an allowance for alimony and since he secured the divorce plaintiff was not entitled to alimony and hence there was no consideration for his agreement. We are not impressed with that argument. The courts recognize the right of husband and wife in a divorce case to settle their property rights out of court by agreement between themselves and will not, without some reason appearing therefor, disturb it; but it has never been held, as far as we can learn, that such an agreement cannot be enforced by the party against whom the decree of divorce may afterward be rendered. We know of no reason, either legal or moral, why a husband should not be required to perform his contract with his wife made under such circumstances the same as he would be required to perform any other contract made with any other person.

It is also contended by appellant that the recital in the document signed by this plaintiff that the property rights of herself and her husband had been satisfactorily settled is an agreement that the contract, whatever it was, had been performed. We do not so construe the document which she signed. She stated that their property rights had been settled but she did not state what the agreement was nor that it had been performed. The agreement, however, was made, and the only issue at the trial was as to what the agreement provided. Plaintiff and defendant agreed as to the amount paid at the time, to-wit, $325. Plaintiff asserted that he agreed to pay her $500 and did pay her $325 and agreed to pay the balance of $175 the next Fall. The defendant contended that the $325 paid at the time was all that he agreed to pay. The court found for plaintiff on that issue. That finding was supported by substantial evidence and binds us.

Judgment affirmed. *Bradley* and *Bailey, JJ.,* concur.