MAMIE F. ALLEN, APPELLANT, v. JOHN HENRY ALLEN, RESPONDENT.
—47 S. W. (2d) 255.

Kansas City Court of Appeals.    February 29, 1932.

I. N. Watson and Conger R. Smith for appellant.

Chas. M. Bush for respondent.

CAMPBELL, C.—Plaintiff brought suit against defendant, her husband, for divorce and permanent alimony. The defendant filed answer and cross-bill. The cause was tried resulting in a decree of divorce, which is as follows:

"Now on this day, this cause coming on for trial comes the plaintiff in person and by her attorney and comes defendant in person and by his attorney, cause is submitted to the court upon the pleadings, and after hearing the evidence the court finds that the allegations in plaintiff's petition are true; that plaintiff is the innocent and injured party and entitled to the relief prayed.

"Wherefore, it is adjudged and decreed by the court that the bonds of matrimony heretofore contracted between plaintiff and

defendant be and the same are hereby dissolved and for naught held and plaintiff forever freed from the obligations thereof.

"It is further ordered and adjudged by the court that defendant's cross-petition herein be denied, and the same be dismissed, and that the plaintiff have and recover of and from the said defendant her costs incurred and expended herein and have therefor execution."

Defendant abided the judgment and plaintiff appealed.

Plaintiff's appeal does not bring to this court the issue of divorce or no divorce. That issue was foreclosed by the failure of defendant to seek review of the decree. The determination of the appeal will therefore not affect the validity of the divorce. The finding of the court that plaintiff was the innocent and injured party and entitled to a decree of divorce is binding and conclusive upon us, and the appeal by plaintiff presents the single question as to whether or not it was the duty of the trial court upon adjudging divorce to also allow permanent alimony.

Plaintiff claims that when divorce was adjudged, she, as a matter of law, was entitled to have judgment for permanent alimony.

Section 1355, Revised Statutes 1919, is as follows:

"When a divorce shall be adjudged the court shall make such order touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as, from the circumstances of the parties and the nature of the case, shall be reasonable . . . and the court may decree alimony pending the suit for divorce in all cases where the same would be just, whether the wife be plaintiff or defendant and enforce such order in the manner provided by law in other cases."

The statute (sec. 1355) says that when divorce is adjudged, the court *shall* make such order touching the alimony and maintenance of the wife as from the circumstances shall be reasonable and proper; that the court *may* decree alimony pending the suit "where the same would be just." The plain terms of the statute evidence legislative intent that upon rendition of decree of divorce in favor of the wife, it is the mandatory duty of the court to make an order touching the alimony and maintenance of the wife. [Griffith v. Griffith, 180 S. W. 411; Stark v. Stark, 115 Mo. App. 436, 444.]

It is insisted by the defendant that we cannot consider the case because appellant's abstract discloses that all of the evidence heard in the trial court is not brought to us. Before defendant's present counsel appeared in the cause the defendant furnished an additional abstract in which a part of the evidence is set forth. Were all of the evidence before us we could not review the issue of divorce but we could review the issue of permanent alimony and make order touching the alimony and maintenance of the wife.

Upon examination of the original abstract and the additional abstract it is not disclosed that all of the evidence on the only issue which we could determine is brought to us and we will therefore follow the rule of procedure adopted in the case of Smith v. Smith, 192 Mo. App. 99, 105.

The error on account of which the judgment should be reversed upon the issue of permanent alimony appears in the record proper, hence the failure of appellant to bring to us the evidence will not result in dismissal of the appeal. [Bondurant v. Raven Coal Company, 25 S. W. (2d) 566, 575.]

The judgment upon the issue of permanent alimony is reversed and the cause remanded with direction to the trial court to determine that issue and make such order touching the alimony and maintenance of the wife, plaintiff, as shall, from the circumstances, be reasonable and proper. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment as to the issue of permanent alimony is reversed and the cause remanded with direction to the trial court to make such order touching the alimony as shall from the circumstances be reasonable and proper. *Trimble, P. J.,* and *Arnold, J.,* concur; *Bland, J.,* not sitting.