MABEL G. SMITH, Appellant, v. LAURENCE A. SMITH.—No. 37958.— 164 S. W. (2d) 921.

Division One, September 8, 1942.

Rehearing Denied, October 6, 1942.

*Isaac C. Orr* and *Joseph J. Howard* for appellant.

*Carl Borello; Taylor Smith, Harry O. Smith* and *Walter A. Raymond* for respondent.

DOUGLAS, P. J.—The question before us is whether a decree of divorce, silent as to alimony, may be modified at a subsequent term so as to allow alimony.

Appellant was plaintiff in a divorce action and obtained a decree in the Circuit Court of Jackson County in June, 1924. Although she prayed for alimony in her petition the decree made no mention of it. She was awarded the custody of the three minor children and allowed $125.00 per month for their support and maintenance.

In September, 1940, she filed a motion to modify the decree. She states in her motion that when the decree was granted in 1924 she was in excellent health and was taking a secretarial course. She "was led to believe, by reason of defendant's representations, that with what she could earn and with the $125.00 a month adjudged by the court for the maintenance of said children, she. could properly maintain them and herself." For several years past her health has been impaired so that she has been unable to work regularly and earn any appreciable amount. She is now unable to work and has no funds with which to support herself. Two of the three children have attained their majority and the third will attain his majority within a year. Her former husband is employed at a salary of $11,000.00 a year. She asks the decree be modified by ordering respondent to pay her monthly alimony.

To this motion respondent filed a plea to the jurisdiction on the ground the court had no power to modify the decree by making an order now allowing alimony for the first time and after the expiration of the judgment term.

The matter was presented to the court below on an agreed statement of facts. It shows that appellant at the time of her divorce was 30 years of age and in good health. She subsequently took a secretarial course for which respondent paid. Her health became impaired in 1937 and since 1939 she has been unable to work regularly or to earn an appreciable amount. She is now unemployed and in bad health. There was also a stipulation that if the court should hold it had

jurisdiction to modify the decree the parties agreed to an allowance of alimony in the sum of $125.00 per month and in addition a lump sum allowance for $2,500.00.

The circuit court overruled the motion and an appeal to the Kansas City Court of Appeals was taken. That court sustained the motion and allowed alimony but the judges were divided in opinion. 157 S. W. (2d) 571. The case was transferred here at the request of the dissenting judge because of conflict with the decision in Herbert v. Herbert, 221 Mo. App. 201, 299 S. W. 840. We consider the case as though it reached here by ordinary appellate process. Const. Amd. 1884, Sec. 6.

In reaching a decision it will be difficult to cast aside considerations arising from sentiment, and a natural sympathy for appellant. Moreover, this is a case of first impression in this court. The question is not a simple one and the cases from other jurisdictions are in conflict.

First let us dispose of any question of fraud or mistake. The parties raise no such question nor does the record show any. There was no showing of any misrepresentation affecting the decree. Absent fraud or mistake a court is ordinarily powerless to modify its decree at a subsequent term. However we find in some states an exception to this rule created by statute as to alimony.

The decree in this case contained no reservation for further consideration of alimony. Therefore it follows, and the parties agree, the determination of the question depends solely on our statutes. In the article on Divorce and Alimony, Section 1519, R. S. 1939, says: "When a divorce shall be adjudged, the court shall make such order touching the alimony and maintenance of the wife, . . . as, from the circumstances of the parties and the nature of the case, shall be reasonable, . . . The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper . . ." Section 1525 says: "No petition for review of any judgment for divorce, rendered in any case arising under this article, shall be allowed, any law or statute to the contrary notwithstanding; but there may be a review of any order or judgment touching the alimony and maintenance of the wife, and the care, custody and maintenance of the children, or any of them, as in other cases."

These statutes contain no express provisions as, for instance, are found in the New Hampshire and New Jersey statutes permitting the court after a decree of divorce to make new orders as to alimony. Still appellant contends that we should permit, under the liberal construction which we must give these statutes, what would amount to a new order for alimony rather than a modification of one already made, citing Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032. She argues that Section 1519, "When divorce shall be adjudged, the

court shall make such order touching alimony and maintenance of the wife'' imposes a mandatory duty upon the trial court to order alimony. This argument is based on the use of the word *"shall"* as mandatory instead of the word *"may,"* indicating discretion. Therefore, she contends, since it is mandatory for the court to order alimony in the first instance, the statutes contemplate the future alteration of such order. And a party may not be deprived of her right to this by the failure of the court to observe its mandatory duty. Since the statute permits the *"allowance"* of alimony to be altered, she insists this word must have been used in its generic sense and contemplates alteration of a decree which disallows alimony.

Appellant's contention the court is compelled to enter an order touching alimony is sustained in the cases of Turpin v. Turpin (Mo. App.), 128 S. W. (2d) 279, and Allen v. Allen, 226 Mo. App. 822, 47 S. W. (2d) 254. The first case cites no authority but the second one is based on the following two cases which are not pertinent. Griffith v. Griffith (Mo. App.), 180 S. W. 411, merely holds that the willingness of the wife's father to support her was not a sufficient reason for the trial court to deny alimony. Stark v. Stark, 115 Mo. App. 436, 91 S. W. 413, rules a question of alimony pendente lite and in obiter dicta states that regardless of the wife's separate estate she would be entitled to alimony as a matter of course.

To us a reading of the statute shows that an order touching alimony is not mandatory. The part of the statute in dispute makes no distinction for whose fault the divorce is granted. To give it the construction appellant contends for the court would be compelled to make an order as to alimony where the divorce was granted because of .the wife's fault. This would be a meaningless procedure because it is the settled law that a wife under such circumstances is not entitled to alimony. McIntire v. McIntire, 80 Mo. 470. To the extent the Turpin and Allen cases hold the ordering of alimony is mandatory they should not be followed and are overruled.

The essential nature of alimony as it is comprehended today furnishes no reason for its mandatory allowance. Alimony is not automatic. Because of our modern legal conception of marriage as a contract and not as a sacrament, and because of our statutory divorce that is absolute rather than a legal separation with continuing obligations, alimony has acquired new and artificial characteristics. The marriage contract obligates the husband to support his wife as long as they shall live. But absolute divorce completely dissolves this contract. It converts the status of the parties from coverture to that of single persons. The parties are released from the mutual obligations imposed by marriage. But in the interest of social welfare and justice the law has created a purely statutory liability incidental to divorce. Such is the alimony of today. When a divorce is decreed because of the husband's fault the statutes authorize the court

to impose liability on the husband, if it would be reasonable to do so, for the future maintenance of the wife. This court has said an allowance of alimony is in the nature of an award for damages because of the husband's breach of the marriage contract, but our courts of appeals have leaned to the theory of a continuing duty to support. Still, the exercise of this power by the court is not mandatory. An order for alimony may be granted or refused according to the particular facts of each case, but as a general rule alimony should be allowed where the relevant circumstances warrant it. The allowance is governed to a large extent by the needs and circumstances of the parties at the time of the decree.

The rulings in most of the states force the conclusion that the liability for alimony must be fixed at the time the divorce is granted. Where alimony is ordered paid in future installments some flexibility is necessarily required in order to accommodate the payments to the current needs of the wife and the ability of the husband to pay as future conditions may affect these factors. It must be for this reason the statutes commonly authorized the courts to modify their orders of continuing alimony as circumstances may demand.

It is the majority rule, with a respectable minority of jurisdictions to the contrary mostly because of statutory considerations, that statutes permitting modifications or changes as to alimony do not apply where no alimony was allowed at the time of the divorce. Anno. 83 A. L. R. 1250. Spain v. Spain, 177 Iowa, 249, 158 N. W. 529, L. R. A. 1917D, 319, a leading case found "it is well settled that, if a wife asks alimony in a divorce action, and none is awarded, the effect of it is the same as if the decree had expressly denied it, and it is an adjudication binding upon the parties." [Citing cases.] And it is generally held that, in such cases, the decree cannot be modified by allowing alimony." Under these circumstances the theory of the decisions is that jurisdiction has been exhausted since there is nothing in the decree to alter or modify. To allow alimony subsequent to the decree would amount to an original and new judgment, not a modification, for which there must be positive statutory authority. Howell v. Howell, 104 Cal. 45, 37 Pac. 770; McClure v. McClure, 4 Cal. (2d) 356, 49 Pac. (2d) 584; Bassett v. Bassett, 99 Wis. 344, 74 N. W. 780; Kelley v. Kelley, 317 Ill. 104, 107, 147 N. E. 659; Moross v. Moross, 129 Mich. 27, 87 N. W. 1035; Plummer v. Plummer (Me.), 14 Atl. (2d) 705; Cameron v. Cameron, 31 S. D. 335, 140 N. W. 700; Marshall v. Marshall, 162 Md. 116, 159 Atl. 260, 83 A. L. R. 1237. Speaking about the statutory authority to alter an order of maintenance of a minor child this court said "alteration can only be made in something then in existence." Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032, supra.

The Kelley case, supra, under a statute practically identical with ours about altering alimony said this: "Before an allowance can be

altered there must have been an allowance made at the time the decree was entered. . . . There being no order allowing alimony to appellant when the decree for divorce was entered, there is no power now, on this supplemental proceeding, to make an original allowance.''

We approve the majority rule. Finding nothing in our statutes to authorize it we hold the trial court on the motion to modify had no jurisdiction to enter an order allowing alimony since no alimony had been ordered in the divorce decree.

In Laweing v. Laweing (Mo. App.), 21 S. W. (2d) 2, the court declared ''the judgment on the question of alimony is never final in the sense it cannot be changed, but may be changed on proper application at any time in the future.'' Such statement must be regarded in the light of the issues under the facts before the court. The facts showed the wife received a divorce but no alimony. She timely filed a motion for new trial only on the question .of alimony. This motion carried the case to the next term when it was sustained. The court heard testimony and made a gross allowance of $500.00 as permanent alimony. The issue raised on appeal was whether the question of alimony could be considered on motion for new trial, alone and independent of the order of divorce. The court, discussing this issue, held that the order of divorce can't be altered after the term but pointed out in the statement quoted above that a judgment allowing alimony might be reviewed in future terms. The court must have been speaking arguendo because an allowance of alimony in gross is held to be not subject to modification, Arnold v. Arnold (Mo.), 222 S. W. 996, except on direct appeal. Wells v. Wells (Mo. App.), 117 S. W. (2d) 700.

In Herbert v. Herbert, 221 Mo. App. 201, 299 S. W. 840, the St. Louis Court of Appeals had for consideration the same question before us with the exception the petition in that case did not ask for alimony. The decree granting the wife an absolute divorce ignored the question of alimony. Subsequently, the wife filed a motion for alimony on the theory the court retained jurisdiction for the purpose of awarding alimony to the innocent and injured wife during the joint lives of the parties. It was held there was no power to open up the question of alimony where there was no such issue made and the matter not touched upon in the original decree. Therefore there was no jurisdiction to make the order.

In this case although alimony was asked for in the petition, since no order was made touching it, the court is without jurisdiction now to order it.

The judgment dismissing the motion to modify is affirmed. All concur.