## THOMAS v. DIERKS.
### No. 10388.

Circuit Court of Appeals, Fifth Circuit.

Dec. 9, 1942.

Louise Foster and Sewall Key, Sp. Assts. to the Atty. Gen., and Samuel O. Clark, Jr., Asst. Atty. Gen., Clyde O. Eastus, U. S. Atty., of Ft. Worth, Tex., and John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., for appellant.

Elton L. Marshall and Henry N. Ess, both of Kansas City, Mo., and Paul Carrington, of Dallas, Tex., for appellee.

Before HUTCHESON and McCORD, Circuit Judges, and KENNERLY, District Judge.

McCORD, Circuit Judge.

Appellee recovered judgment for $18,195.44 and interest, for refund of income taxes which the court found to have been erroneously and illegally assessed and collected for the tax years 1937, 1938, and 1939. The facts and the amounts involved are not in dispute, and it is agreed that all procedural requirements were met by the taxpayer. The question presented by the appeal is whether amounts paid as "interest" in the tax years on certain promissory notes, given to the taxpayer's former wife as part of a property settlement, were deductible from the gross income of the taxpayer under Sections 23(b) and 24(a) (1) of the Revenue Acts of 1936 and 1938, 26 U.S. C.A. Int.Rev.Code, §§ 23(b), 24(a) (1).

On February 8, 1916, Herman Dierks and his wife, Martha A. Dierks, residents of Jackson County, Missouri, entered into a written property settlement contract. Mr. Dierks agreed to give Mrs. Dierks substantial amounts of real and personal property, $25,000 in cash, and promissory notes aggregating $325,000, payable at various future dates, and bearing interest at the rate of five per cent per annum. He further agreed to execute and deliver notes for $200,000 to each of their four children. Mrs. Dierks agreed to accept the property "in full satisfaction and relinquishment of all claims and demands of every kind and character, present or future, whether for dower interest, alimony or maintenance, which she may now have, or at any time in the future have against the party of the first part. * * *"

On February 12, 1916, Mrs. Dierks secured a divorce from Mr. Dierks in the Circuit Court of Jackson County, Mis-

souri. In accordance with the common practice in Missouri, the court took notice of the property settlement, approved it as being fair and equitable, and found Mrs. Dierks to be thereby "cut off from any dower right * * * and, also, cut off from all claims for maintenance, alimony or other allowance." Cf. Bishop v. Bishop, Mo. App., 151 S.W.2d 553.

Mr. Dierks complied with the provisions of the property settlement agreement, and made conveyance of the named properties and executed the promissory notes. The notes to the children were paid in 1920, and in 1935 all notes to Mrs. Dierks had been paid, except three for $35,000 each. These three notes being in default, the parties agreed to an extension, and Mr. Dierks paid the interest on the notes for 1937, 1938, and 1939, and later on the notes were paid and discharged in full.

The Collector contends that the amounts paid as interest on the notes in 1937, 1938, and 1939, were in fact payments in lieu of alimony; that the property settlement agreement created a continuing obligation to support; and that the amounts were not deductible from gross income as interest paid within the meaning of Sections 23(b) and 24(a) (1) of the Revenue Acts of 1936 and 1938. Contending that the amounts paid were deductible as interest paid on an indebtedness, the appellee says that the obligation to support his wife arising out of the marital relationship was finally terminated by the execution of the property settlement agreement, or by the divorce decree, which approved it; that the notes constituted an absolute, independent obligation and indebtedness; that the interest paid in the tax years was paid according to the tenor of the notes; and that the payments were in no sense made as alimony or respecting personal living or family expenses.

■ For the legal effect of the property settlement agreement and divorce decree, and for determination of the rights, liabilities, and obligations arising therefrom, it becomes necessary to make inquiry into the law of Missouri, the State where the parties lived, where the contract was entered into, where the notes were given, and where the divorce decree was granted. Helvering v. Fuller, 310 U.S. 69, 74, 60 S.Ct. 784, 84 L.Ed. 1082; Helvering v. Fitch, 309 U.S. 149, 152, 60 S.Ct. 427, 84 L.Ed. 665; Helvering v. Leonard, 310 U.S. 80, 84, 60 S.Ct. 780, 84 L.Ed. 1087; Douglas v. Willcuts, 296 U.S. 1, 6, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391.

■ In passing upon the tax consequences of trusts set up under divorce and separation agreements, the Supreme Court has held that the taxpayer must establish by "clear and convincing" proof that the local law and the agreement have given the divorced husband "a full discharge and leave no continuing obligation however contingent". Helvering v. Fitch, 309 U.S. 149, 156, 60 S.Ct. 427, 430, 84 L.Ed. 665; Pearce v. Commissioner, 315 U.S. 543, 554, 62 S.Ct. 754, 86 L.Ed. 1016. Cf. Longyear v. Commissioner, 64 App.D.C. 238, 77 F.2d 116; Tilles v. Commissioner, 8 Cir., 113 F. 2d 907.

■ In the case at bar Dierks discharged the burden of proof and established by clear and convincing, indeed uncontroverted, proof that under Missouri law the property settlement agreement and divorce decree satisfied all obligations arising out of the marital relation; that there was no continuing obligation thereafter to pay alimony, maintenance, or support to the wife; and that no court in Missouri has the power or jurisdiction to alter, revise, modify, or amend the property settlement contract or final decree. Smith v. Smith, Mo.Sup., 164 S.W.2d 921; North v. North, 339 Mo. 1226, 100 S.W.2d 582, 583, 109 A.L.R. 1061; Young v. Thompson, 220 Mo.App. 1266, 290 S.W. 85. The finality of the local settlement has been clearly demonstrated. The negotiable promissory notes were not security for a continuing obligation of the husband to support the wife; that obligation came to an end with the execution of the property settlement agreement and entry of the final divorce decree. The cited cases show that the divorced husband received a full and final discharge, leaving "no continuing obligation however contingent"; and this is true whether the notes were finally paid or not.

The interest paid on the notes during the tax years was deductible from the taxpayer's gross income under Section 23(b) of the applicable Revenue Acts. The taxpayer established, in point of law as well as of fact, that the additional taxes were unlawfully assessed and collected. Refund was proper.

The judgment is affirmed.