**BUCHANAN v. UNITED STATES.**

No. 9558.

United States Court of Appeals
District of Columbia.

Argued Oct. 16, 1947.

Decided Nov. 10, 1947.

Mr. Wharton E. Lester, of Washington, D. C., for appellant.

Mr. S. Dee Hanson, Sp. Asst. to the Atty. Gen., with whom Mr. Sewall Key, Asst. Atty. Gen., Mr. A. F. Prescott, Sp. Asst. to the Atty. Gen., and Mr. George Morris Fay, U: S. Atty., Messrs. Daniel B. Maher and Sidney S. Sachs, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before GRONER, Chief Justice, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was plaintiff in a civil action in the District Court seeking a refund of federal income taxes paid by her for 1940 and 1941 pursuant to assessments made by the Commissioner of Internal Revenue. The District Court granted the Government's motion for summary judgment.

Appellant and her husband were separated and then divorced. Their separation agreement provided that the husband, in addition to paying the wife cash, would execute notes, bearing interest, payable to her and secured by a deed of trust on real estate. The agreement recited:

"The payment of said cash and the delivery of said note or notes is hereby agreed to be accepted by [the wife] in full

---

of all claims on her part of every kind and character, whether for support and maintenance or otherwise, against the [husband], and in full satisfaction of all right, title, interest, property or estate, whether by way of dower or otherwise, in and to the property, real, personal, or mixed, of the [husband], * * * other than the right which said [wife] may have by virtue of the deed of trust hereinbefore referred to, and the said note or notes * * *".

The Nevada court which decreed the divorce, found that the agreement of the parties was "for the sole and only purpose of settling their respective property rights, making provision for the future support and maintenance of the defendant, and of said minor children, and agreeing as between said parties with respect to the custody of the said minor children." A copy of the agreement was attached to the divorce decree and was adopted, approved and confirmed by the court. The notes were payable on or before five years after date, and bore interest at six per centum "until paid". This interest is the subject matter of the controversy, the question being whether it was income to the wife.

From the inception of the federal income tax until Congress changed the law in 1942,[1] it was settled that alimony is not income to the wife.[2] On the other hand, all federal revenue statutes have provided that interest paid on indebtedness is deductible by the payor[3] and have specifically included interest as an item of income to the payee.[4] The question before us is in two interrelated phases: first, whether the giving of notes on account of the obligation of maintenance and support translates the obligation from one of alimony into one of simple indebtedness; and, second, whether, even if the principal of the notes remains alimony, the interest upon them is of the nature of periodical alimony or is interest, in the income tax sense.

The same question was before us in Longyear v. Helvering.[5] We there said that "The note represented alimony secured to her by agreement between herself and her former husband. The obligation did not lose the character of alimony when incorporated in the note." And we also said that the interest upon an obligation executed for alimony is not interest upon indebtedness within the meaning of the revenue acts. The premise for that decision was that a non-deductible disbursement cannot be translated into a deductible one by the simple expedient of introducing notes, with interest, into the transaction. We cited Gilman v. Commissioner,[6] and that case serves as a conclusive example of the necessity for the rule. A husband and father gave his wife promissory notes bearing interest. She used the interest payments for household and personal purposes. He claimed a deduction on his income tax return for those payments. The court held that a person cannot effectively put his non-deductible obligations into deductible form by merely giving notes for them. Whatever may be the general commercial law as to the merger of a prior debt into a negotiable instrument, there can be no doubt of the rule in income taxation. Obviously, if the mere giving of notes could change the essential character of an obligation for income tax purposes, the careful differentiation by Congress between deductible and non-deductible disbursements has been a futile gesture. The books contain many cases in which taxpayers have attempted to translate non-deductible obli-

[1] Act of Oct. 21, 1942, 56 Stat. 816, Int.Rev.Code, § 22(k), 26 U.S.C.A. Int. Rev.Code, § 22(k).

[2] Gould v. Gould, 1917, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211. Treasury Regulations, from 1919, when the first extensive Regulations were promulgated, contained a provision that "Neither alimony nor an allowance based on a settlement agreement is taxable income." Regs. 45, art. 73 (Act of 1918); Regs. 62, art. 73 (1921); Regs. 65, art. 73 (1924); Regs. 69, art. 73 (1926); Regs. 74, art. 83 (1928); Regs. 77, art. 83 (1932); Regs. 86, art. 22(b) (3)-1 (1934); Regs. 101, art. 22(b) (3)-1; Regs. 103, § 19.22(b) (3)-1 (1939).

[3] Int.Rev.Code, § 23(b), 26 U.S.C.A. Int.Rev.Code, § 23(b), and corresponding sections in all prior income tax statutes.

[4] Int.Rev.Code, § 22(a), 26 U.S.C.A. Int. Rev.Code, § 22(a), and corresponding sections in all prior income tax statutes.

[5] 1935, 64 App.D.C. 238, 77 F.2d 116.

[6] 8 Cir., 1931, 53 F.2d 47, 80 A.L.R. 209.

gations into deductible interest. We do not have here any question as to the nature of such notes if they were in the hands of an innocent purchaser for value from the wife. We adhere to the view expressed in the Longyear case, supra.

The case at bar arose from somewhat unusual circumstances. The Commissioner originally took the position that these payments were not deductible by the husband, and apparently would have been consistent in holding that they were not income to the wife. The husband, however, contested the Commissioner's determination as to him. Before the controversy reached the Tax Court for decision, the Circuit Court of Appeals for the Fifth Circuit, in Thomas v. Dierks,[7] disagreeing with our decision in the Longyear case, held that the interest on notes given to the wife as part of a property settlement, was deductible by the husband as interest. The case of the husband of our present appellant originated in the Fifth Circuit, since he was then a resident of Florida. The Tax Court agreed with the opinion in the Dierks case rather than with that in the Longyear case, and held the interest deductible by the husband. Thereupon the Commissioner proposed a deficiency against the wife, which she paid and now sues to recover.

The Government contends that five Supreme Court cases, Douglas v. Willcuts,[8] Helvering v. Fitch,[9] Helvering v. Leonard,[10] Pearce v. Commissioner,[11] and Helvering v. Fuller,[12] and especially the last-named, are controlling here, and urges that the opinion in the Dierks case, supra, is conclusively persuasive. In the Dierks case the court relied upon the same Supreme Court cases. The argument is that since the Nevada court had no power, under local law, to alter its decree, the settlement agreement, when confirmed by decree, was a final discharge of the husband's obligation of support; that "his obligation was thereafter controlled by the provisions of the settlement agreement and not as an incident of marriage"; and that, therefore, the interest on the notes constituted taxable income to the wife. We have quoted the heart of the argument from the summary in the Government's brief. It does not phrase precisely the contention which must be made to sustain the conclusion. As is clearly indicated by the argument but not succinctly stated, the contention must be that after the decree the husband's obligation was one of simple contract and that, therefore, his continued payments were interest and not alimony.[13] We do not read the opinions of the Supreme Court with that result.

In the cases named the Court was dealing with trusts established by husbands pursuant to separation agreements approved by decrees of divorce courts. The rule was settled by Douglas v. Willcuts, supra, that income from such a trust was, basically, alimony and as such not income to the wife under Gould v. Gould.[14] The Court held, in Douglas v. Willcuts, that the trust derived its force from the decree approving it; that, however designated, the annual payments were to serve the purpose of alimony, and that the medium of the trust

[7] 5 Cir., 1942, 132 F.2d 224.

[8] 1935, 296 U.S. 1, 56 S.Ct. 59, 80 L. Ed. 3, 101 A.L.R. 391.

[9] 1940, 309 U.S. 149, 60 S.Ct. 427, 84 L.Ed. 665.

[10] 1940, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087.

[11] 1942, 315 U.S. 543, 62 S.Ct. 754, 86 L.Ed. 1016.

[12] 1940, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082.

[13] We are not told by the Government that the giving of the notes discharged all obligation of the husband, although much of the later argument proceeds as though that were the premise. The statement of the contention is that the notes discharged the *marital* obligation of the husband. Failure to observe the limiting "marital" leads the discussion astray. It would, of course, be idle to propose that the giving of promissory notes fully discharged an obligation. The obligation to pay remains; its form and some of its characteristics change. Precisely stated, the question in the present case is whether the change in the obligation extended to its essential nature from an income tax point of view. Actually the contention of the Government here is that the giving of the notes changed the nature of the obligation of the husband from one of alimony to one of simple indebtedness.

[14] Supra, note 2.

did not affect the essential quality of the payments. Then the problem was presented as to the nature of the income of such trusts where the trust was so final and complete as to discharge the husband as fully as would a lump-sum payment in full in cash. We need not go into the complexities of those cases, about which so much has already been written.[15] The criterion upon which they turned was the continuing obligation of the husband.[16] Where there was a continuing obligation, even though contingent and remote, the Court held the payments to be alimony, not deductible by the husband and not income to the wife;[17] and conversely.[18] Obviously basic to those decisions was the immutability, by any act of the husband, of the nature of his obligation to maintain the wife. He could discharge his obligation and so be rid of it, but if it continued, its nature did not change. For example, the Court held in the Leonard case, supra, that the income of an irrevocable trust established by the husband did not lose its essential character as alimony if there was a continuing obligation even so remote as a mere guarantee of the corpus of the trust. A fortiori the mere execution of promissory notes could not change the essential nature of periodical payments made for the support and maintenance of the wife.

We are told that the Fuller case, supra, in particular among the cases cited, holds that if the alimony decree be final, the marital obligation of the husband is finally discharged. The discussion in that opinion concerning the finality of the decree of the divorce court was directed to the trust involved in that case. As we read it, and as is was later explained in Pearce v. Commissioner, supra, the Court was pointing out that the nature of the trust and the decree confirming it, was such as to constitute so complete a discharge of the husband as that thereafter there was no continuing obligation upon him. The trust agreement was by its terms a final discharge of his obligation, and under Nevada law the divorce court could not modify its decree confirming that agreement. So that establishment of the trust, by agreement and decree, was a final and complete act. Thereafter the husband was not liable at all. We do not find in that opinion the slightest intimation that by agreement or decree a continuing obligation could be changed in its essential nature from one of alimony to one of simple indebtedness. Quite the contrary, the Court made amply clear in the other portion of its opinion that it had no such idea in mind. The agreement in that case involved not only a trust but also a promise by the husband to pay the wife $40 a week. The divorce court approved that part of the agreement as well as the other part, and its decision in that respect was just as final as was its confirmation of the trust.[19] But the Court held that without doubt the $40 weekly payments were taxable to the husband and not to the wife, as a continuing personal obligation falling within the rule of Douglas v. Willcuts, supra, and Gould v. Gould, supra.

---

[15] 31 Harv.L.Rev. 494 (1918); Paul, Five Years With Douglas v. Willcuts, 53 Harv.L.Rev. 1 (1939); 55 Harv.L.Rev. 146 (1941); Note, Federal Income Taxation of Alimony Trusts, 35 Ill.L.Rev. 332 (1940); Comment, 38 Mich.L.Rev. 1285 (1940); 5 Va.L.Rev. 292 (1918).

[16] As we read the opinions, the discussion of the finality of the local law governing alimony decrees, and of the burden of proof upon the parties in respect to that law, concerns merely the means for solving the basic question whether there is or is not a contingent continuing obligation upon the husband. The premises are (1) that if there be a continuing obligation, even so remote as a power of the divorce court to alter its decree, the payments to the wife are alimony; and (2) that the presumption is that such payments are alimony and so, if there be doubt as to the continuance of the obligation, i. e., as to the local law upon finality of alimony decrees, the payments are deemed to be alimony.

[17] Helvering v. Fitch, supra; Helvering v. Leonard, supra.

[18] Helvering v. Fuller, supra; Pearce v. Commissioner, supra.

[19] As a matter of fact, the three Nevada cases cited by the Supreme Court as establishing the finality of alimony decrees in that State, dealt with simple alimony allowances and not with trusts. Sweeney v. Sweeney, 1919, 42 Nev. 431, 179 P. 638; Lewis v. Lewis, 1931, 53 Nev. 398, 2 P.2d 131; Aseltine v. Second Judicial Dist. Court, 1936, 57 Nev. 269, 62 P.2d 701.

It thus clearly held that the finality of a divorce decree requiring periodical payments to the wife, does not change alimony into a simple indebtedness. The relevant point in the Fuller case is that while the Court held the unalterability of the Nevada decree material in determining whether any obligation of the husband continued after the decree, that unalterability was not suggested as a consideration in the determination of the nature of an obligation which did in fact continue after the decree.

To be sure, the agreement to make continuing payments in the Fuller case was a simple contract agreement, whereas the agreement in the case at bar took the form of promissory notes bearing interest until paid. But that difference is immaterial in the present problem. There can be no doubt but that the obligation to pay interest on the principal of the notes in the present case was a continuing obligation. Nor is there any doubt but that the interest was to be paid by the husband and by him directly. As the Court said of the trust in Douglas v. Willcuts, supra, and repeated in Helvering v. Leonard, supra, the decree of the court was a particular sanction upon the pre-existing duty of the husband. In those cases the sanction was a trust; in the present case it is promissory notes. For reasons which we have already stated, we do not think that the translation of an alimony obligation into negotiable promissory notes can change the essential nature of the item for income tax purposes, any more than the translation of that obligation into a simple contract obligation or into a trust could change its essential nature. The criterion of decision is the continuing nature of an obligation on the part of the husband.

Periodical payments derive their nature from the primary contract upon which they are based; e. g., dividends arise from a stock contract, rent from the use of real or personal property, etc. Interest, for income tax purposes, is only interest upon indebtedness, and not all obligations are indebtedness.[20] The agreement in the present case was a specification of method for the performance of the husband's obligation of support. The periodical payments denominated interest were just as much a part of that specification as was the provision for a principal sum. The whole obligation was one for alimony. It cannot be held that although the principal sum was alimony, the periodical payments were interest on simple indebtedness. There being no simple indebtedness, there is no interest as such in the income tax sense.

It is not urged before us that any part of the sums involved represented a division of property as contrasted with the obligation of maintenance and support. Not having that question before us, we need not consider it.

Our attention is called to the language of the agreement between the husband and the wife. The wife accepted the cash and notes in full of all claims on her part and as a full and complete release of all her claims on the husband, except for the notes and their security. We cannot give that language controlling effect upon the question before us. The same or similar language might be found in an agreement providing for simple permanent alimony payments. It appeared in the agreement involved in Douglas v. Willcuts, supra.

The Tax Court relied upon the Dierks case, supra, in its decision in the case of the husband of our present appellant. The District Court, in the pending case, relied upon the Fuller and Dierks cases. We think that both the Tax Court and the District Court were in error. It follows that the judgment of the District Court will be reversed and, since the judgment there was a summary judgment, the case will be remanded for further proceedings in accordance with this opinion.          -

Reversed and remanded.

---

[20] Deputy v. du Pont, 1940, 308 U.S. 488, 497, 60 S.Ct. 363, 84 L.Ed. 416.