**Clay E. POOLE (Plaintiff), Appellant,**

v.

**Virginia POOLE (Defendant), Respondent.**

**No. 29352.**

St. Louis Court of Appeals.

Missouri.

Feb. 21, 1956.

James C. Moloney, Clayton, for appellant.

No appearance for respondent.

ANDERSON, Presiding Judge.

This is an appeal from an order of the trial court overruling a motion to vacate a portion of a judgment in a divorce proceeding.

The divorce action was filed on August 31, 1954. It was brought by plaintiff, Clay E. Poole, against his wife, Virginia Poole. The grounds relied on were general indignities. Defendant at the time was domiciled in the State of Indiana. In her custody was the minor child of the parties, Ora Lee Poole. Substituted service was had on the defendant. Defendant did not appear in the cause, and filed no answer or pleading of any kind. Thereafter, on November 8, 1954, an interlocutory order of default was entered and the cause was set for hearing on November 19, 1954. On the latter date the cause came on for hearing and was tried. At the conclusion of the hearing the court entered judgment granting plaintiff a divorce, and made an award to defendant of $10 per week for the support of Ora Lee, the minor child. In making this award, the court acted on its own motion.

No motion for new trial was filed, but on March 5, 1955, plaintiff filed a motion in said cause to vacate the award for support and maintenance, alleging as grounds that the court was without jurisdiction to make any orders touching upon the custody or support of said minor child. This motion was by the court overruled. The appeal is from the order overruling said motion.

Appellant contends that since the defendant and the child were domiciled in Indiana and only constructive service had, the court had no jurisdiction to make any orders concerning support for the child. Appellant cites and relies on Sanders v. Sanders, 223 Mo.App. 834, 14 S.W.2d 458, and Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566. These cases merely hold that a court granting a decree of divorce on constructive service against a nonresident defendant is without jurisdiction to adjudicate the matter of the custody of the minor children living with such defendant in a

foreign state. In such cases, the res is not before the court, and it is for that reason the court lacks jurisdiction. But a cause of action for support and maintenance is one in personam, and where the party sought to be charged is in court by reason of personal service or otherwise, there can be no lack of jurisdiction. Here, plaintiff was before the court. He brought the suit, and had defendant sought by an appropriate pleading to hold him for support and maintenance, the court would have had jurisdiction to make such order, notwithstanding the nonresidence of defendant and the child. But it appears from the face of the record that there was no pleading in the case calling for the exercise of the court's jurisdiction to make an award of support and maintenance. For that reason, that part of the judgment is void.

█ Courts have no power to render judgment until their action is called into exercise by pleadings, and any relief granted beyond that which is called for by the pleadings is void. Charles v. White, 214 Mo. 187, 112 S.W. 545, 21 L.R.A.,N.S., 481; Lambert v. Lambert, Mo.App., 222 S.W.2d 544; Owens v. McCleary, Mo.App., 273 S.W. 145.

█ Although a judgment is generally regarded as entire, if a part of it is separate and distinct from the whole it may be considered independently in determining its validity. In such a case, the invalid divisible part of the judgment may be held void without affecting the remainder thereof. Spencer v. Franks, 173 Md. 73, 195 A. 306, 114 A.L.R. 263.

█ That part of the judgment awarding support and maintenance to the minor child in the case at bar is void, and since the invalidity of said award clearly appears from the face of the record, the motion to vacate it was the proper remedy. Said motion was timely filed. Section 452.070 RSMo 1949, V.A.M.S.; Harrison v. Slaton, Mo.Sup., 49 S.W.2d 31; Coonley v. Coonley, Mo.App., 237 S.W. 198; State ex rel. Coonley v. Hall, 296 Mo. 201, 246 S.W. 35.

The order appealed from is reversed and the cause is remanded with directions to the trial court to amend the judgment by striking therefrom the award for support and maintenance of the minor child, Ora Lee.

MATTHES, J., and SAM C. BLAIR, Special Judge, concur.