**Maxine Ernestine BALLEW, Appellant,**

v.

**George Thomas BALLEW, Respondent.**

No. 22408.

Kansas City Court of Appeals.

Missouri.

March 7, 1956.

D. E. Beal, Kansas City, for appellant.

Joseph J. Kelly, Jr., William H. Woodson, Spencer, Fane, Britt & Browne, Kansas City, for respondent.

SPERRY, Commissioner.

Plaintiff, Maxine Ernestine Ballew, sued her husband, George Thomas Ballew, for divorce, custody of their three children, and alimony and maintenance. Defendant filed cross-bill and asked for custody of all of the children. The court found plaintiff to be the innocent and injured party, granted her a divorce, custody of the youngest of the three children Janean, and awarded her maintenance for said child in the amount of $15 per week. He denied alimony and granted custody of the two older children, both boys, George Thomas and David, aged 11 and 7 respectively, to defendant. From that portion of the decree denying her custody of the two boys and denying alimony, plaintiff appeals.

The evidence disclosed that the parties were married August 8, 1942, and finally separated June 1, 1954; that they had separated three times prior to the final separation; that this is the fourth suit for divorce, that plaintiff has filed; and that their entire married life has been marred by discord, quarreling and physical combat. The evidence as to who was at fault in regard to their marital difficulties is conflicting. Each charged the other with improper extramarital relations, but neither produced convincing evidence in support of the charges. From the record we conclude, as did the trial court, that both parties are of good moral character, are honest and industrious, love their children, and are morally fit to have custody of said children.

The evidence justifies a belief that defendant failed to be as considerate, affectionate, and attentive toward plaintiff as he should have been in order to have made the marriage a success; that, on some occasions, he was guilty of physical violence toward her; and that his language was frequently vulgar and abusive. The court properly found plaintiff to be the innocent and injured party, and properly granted her a divorce.

Plaintiff contends that, because she is the innocent and injured party, the court erred in failing to grant her alimony. However, the granting of alimony is discretionary, not mandatory. Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921, 924. We cannot say that, under the evidence herein, the court erred in this respect.

The parties jointly own a house which is furnished, and which was the family home at the time of the final separation. At that time plaintiff left the house, taking with her Janean, then aged about four months, and leaving the boys with their father. There was testimony to the effect that she, thereafter, refused to return to the home as defendant's wife, but was willing to aid in caring for the boys while defendant's mother was ill. She is now employed in secretarial work and her mother cares for Janean while plaintiff works. Defendant lives at the family home where his mother looks after the boys. That situation existed from the date of separation until date of trial, for more than a year. During that time defendant has kept the boys in school, in church, and in Sunday School. There was evidence tending to show that they are doing well in school, probably have improved, generally, since the separation. There was testimony tending to show that they are being properly reared; and there is no evidence contradictory thereto.

Defendant earns about $100 weekly, before deductions, as a clerk for the telephone company.

It is not necessary to cite authority for the proposition that the welfare of the children of a divorced couple is the paramount object in determining the matter of custody. Courts have said, at various times, that, all things being equal, custody should be granted to the mother, especially as to the very young children, and as to girls. But, always, the court must act in the best interests of the children, thereby sometimes being required to deny custody to either parent.

From the evidence in this case, we hold that both parties are fit and proper persons to rear their children. We think that the trial judge was fully justified, in the interests of the two boys, in awarding custody to defendant. He is doing a good job and there is no evidence to the contrary. If he were required to pay plaintiff sufficient for her to maintain a home for all three of the children, devoting her whole time to them, the entire family might, eventually, be worse off. Furthermore, the boys have, all of their lives, been subjected to an atmosphere of domestic discord, bickering, and fighting by their parents. During the last year they have apparently adjusted themselves to the present situation. They are doing well in school and their conduct is good. It is not in their best interests to disturb that situation. They live in the same city with their mother and sister and the court, wisely, provided for liberal visitation periods at the home of their mother on week ends and during school vacations.

There is no doubt but that the children should all live in a united home, in harmony and security. But the parents, by their own marital failure, regardless of who was most at fault, have made it impossible for any of the three children to have that blessing. The court must now do what appears to be next best for them. We think the trial court's decision was as nearly right as could be, under all of the facts and circumstances. We defer to its judgment and approve of his orders in all respects.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is accepted as the opinion of the court. The judgment is affirmed.

All concur.