Laurette D. CLARK, Plaintiff-Respondent,

v.

Delbert H. CLARK, Defendant-Appellant

No. 29653.

St. Louis Court of Appeals.

Missouri.

April 2, 1957.

Ellsworth W. Ginsberg, St. Louis, for appellant.

James L. Sanders, St. Louis, for respondent.

MATTHES, Judge.

On November 17, 1954, plaintiff-respondent was divorced from defendant-appellant by decree rendered in the Circuit Court of the City of St. Louis, Missouri. She was also awarded the custody of the five children of the parties, subject to the privilege of visitation by defendant, and was allowed $5 a week for the support of each child. On August 25, 1955, defendant filed a motion to modify the decree by changing the custody of the children from plaintiff to defendant. To this motion plaintiff filed a pleading denominated, "motion in opposition to defendant's motion to modify * * *". Therein plaintiff asked for no relief except that defendant be required to pay her an attorney's fee for contesting the proceeding, and that defendant's motion be overruled. After the hearing the court refused to change the custody, denied the motion to modify, but did increase the amount of the judgment for support from $5 to $7 per week for each child.

Defendant has brought the case to this court on appeal. The sole and only point presented by him is that the action of the court in increasing the amount of child support cannot stand because that portion of the judgment was beyond and outside the issues presented to the court and was not responsive to the pleadings. This contention must be sustained.

In order for a court to have jurisdiction to adjudicate it must have cognizance of the class of cases to which the one to be determined belongs, and the proper parties must be in court. Of equal importance is the requirement that the point adjudicated or determined must be within the issues tried and submitted.[1] If the court attempts to adjudicate a question outside the issues raised and submitted, the judgment is to that extent void, Dickey v. Dickey, Mo.App., 132 S.W.2d 1026, loc. cit. 1032, wherein a judgment for alimony was involved; Lambert v. Lambert, Mo.App., 222 S.W.2d 544, loc. cit. 548, and Poole v. Poole, Mo.App., 287 S.W.2d 372, wherein the court, as here, attempted to render judgment for child support. In the three cited cases the question which the court assumed to settle by its judgment was not only outside the pleadings, but also outside the issues submitted and tried.

In the motion filed by plaintiff in opposition to the motion to modify, she did not put in issue the question of additional support money. Neither did the testimony bring that issue before the court. Indeed, plaintiff did not appear at the trial on the motion to modify. Defendant, by his testimony, concerned himself with matters dealing with his right to the custody of the children. On the record it is clear that in attempting to increase the amount of the judgment for child support, the court exceeded its jurisdiction. To that extent the judgment cannot stand. But it does not follow that the judgment in its entirety must fall. Where a part of the judgment is separate and distinct from the whole it may be considered independently in determining its validity. In such a situation, "the invalid divisible part of the judgment may be held void without affecting the remainder thereof". Poole v. Poole, supra, loc.cit. 287 S.W. 2d 374.

Accordingly, the judgment is reversed and the cause remanded with directions to

---

1. Even though not embraced within the pleadings, issues tried by the express or implied consent of the parties shall be treated as if they had been properly raised by the pleadings. Section 509.500 RSMo 1949, V.A.M.S.; Woolfolk v. Jack Kennedy Chevrolet Co., Mo.App., 296 S.W.2d 511, loc. cit. 516.

the trial court to amend the judgment by striking therefrom that portion thereof increasing the allowance for support of the minor children from $5 to $7 per week for each child.

RUDDY, P. J., and ANDERSON, J., concur.