Rowe Etta MASTERS (Plaintiff), Respondent,

v.

Harry V. MASTERS (Defendant), Appellant.

Rowe Etta MASTERS (Plaintiff), Respondent,

v.

Harry V. MASTERS (Defendant), Appellant.

Nos. 30076, 30093.

St. Louis Court of Appeals.
Missouri.

Sept. 2, 1958.

Rehearing Denied Sept. 29, 1958.

Milton F. Napier, St. Louis, for appellant.

William H. Bruce, Jr., St. Louis, for respondent.

WOLFE, Judge.

This is an action for a divorce wherein the plaintiff was awarded a decree and in addition to granting her the divorce the court awarded alimony in the sum of $1 a year. The defendant appealed only from the award of alimony. Thereafter the plaintiff filed a motion for suit money and attorney's fees to defend the appeal. This was granted by another judge to whom the case had been sent on a change of venue and the defendant again appealed. Both of the appeals were briefed, argued and submitted together, and both are here considered.

The petition for a divorce alleged that the parties were married in May of 1956 and separated in July of 1957. It charged indignities, such as faultfinding, nagging, indifference, coldness, and a refusal by the defendant to, "assume any of the responsibilities of a husband". It alleged that one child was born of the marriage.

The defendant answered by admitting the marriage and that there was a child born thereof, but the answer denied all averments of misconduct on his part and stated that the plaintiff was not the innocent and injured party.

The cause came on for trial on January 15, 1958, at which time the plaintiff struck from her petition a prayer for attorney's fees and alimony. Both parties were represented by counsel but the defendant offered no evidence.

The plaintiff testified that she was twenty-one years of age and that she lived with her parents. She was employed and her mother took care of her child while she was at work. The child according to the plaintiff was anemic. It was born with one leg shorter than the other and a growth upon its neck. For these ailments it was under the care of physicians. It had required hospitalization in the past and it would need more medical and hospital care in the future. The plaintiff earned at her

employment $190 per month after all deductions. She stated that she needed $15 a week for the support of the child, plus the payment of medical and hospital bills. She testified that the defendant earned on an average of $80 to $90 a week. On the question of alimony her interrogation by her counsel was as follows:

"Q. You are not asking for alimony? A. No, sir.

"Q. And you understand if you don't get alimony today that you can't come back at any other time in the future and ask for it? A. Yes, sir.

"Q. You are asking for child support and the cost of this action? A. Yes, sir.

"Q. And you understand that your husband paid me $100.00 as my fee to date? You knew that? A. Yes, sir.

"Q. What does your husband earn, do you know? A. Well, he told me he averaged between eighty and ninety a week."

At the conclusion of her interrogation by her counsel the court took over and the following questions were propounded and the following answers were given:

"Q. Madam, what does your mother do for a living? A. She's a housewife.

"Q. What does your father do? A. He's a mechanic.

"Q. If you became ill and were unable to work, who would take care of you? A. Me?

"Q. Yes. A. I don't know; my mother.

"Q. Would you have to go on Relief? A. Yes, sir.

"Q. How old a girl are you? A. I'm twenty-one."

The court then stated: "All right. I'm going to allow her a dollar a year by way of alimony in addition. Step aside, please."

Counsel for the defendant then objected and informed the court that the plaintiff had agreed not to ask for alimony. This was then confirmed by counsel for the plaintiff, who stated, "Yes, Your Honor, that was the agreement, and we are not requesting any award for alimony." The court overruled the objection and directed plaintiff's counsel to give a memorandum of the award to the clerk.

In addition to the award of alimony the court ordered the defendant to pay $60 a month for the support of the child. As to the support money there is no complaint but defendant did move to set aside the award of alimony and moved for a new trial. Both motions were overruled and the defendant appealed.

■ Allowance of alimony to a wife obtaining a divorce is not mandatory. Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921; Knebel v. Knebel, Mo.App., 189 S.W. 2d 464. The parties may contract in relation to it and where both parties are dealing at arm's length and represented by counsel, and the contract is free from fraud, collusion, or compulsion, and is fair to the wife, the court has no right to disregard such contract. North v. North, 339 Mo. 1226, 100 S.W.2d 582. On the facts before us the plaintiff voluntarily waived any claim to alimony with full knowledge of the consequences of the act. There was therefore no issue touching this question before the court. We have repeatedly stated that the trial court must confine itself to the trial of the issues presented and its judgment and decree to the relief sought. Hughes v. Wagner, Mo.App., 303 S.W.2d 181; Clark v. Clark, Mo.App., 300 S.W.2d 851; Poole v. Poole, Mo.App., 287 S.W.2d 372; Lambert v. Lambert, Mo.App., 222 S.W.2d 544; Dickey v. Dickey, Mo.App., 132 S.W. 2d 1026. The action of the trial court in awarding alimony was therefore erroneous and must be reversed.

■ As to the allowance made to plaintiff for cost and attorney's fees to defend the appeals, this also appears to have been

erroneously granted. The only purpose it served was to permit the plaintiff at the defendant's expense to defend a judgment which she had not sought. Under these circumstances the allowance cannot stand.

For the reasons stated, both judgments are accordingly reversed.

RUDDY, P. J., and ANDERSON, J., concur.