Iva CARL, Respondent,

v.

James W. CARL, Appellant.

No. 22293.

Kansas City Court of Appeals.

Missouri.

Nov. 7, 1955.

———◆———

Brannock, Buck & Gray, J. Roger Buck, Kansas City, for appellant.

Thice, Phelps, Titus & Ewing, Gilbert R. Titus, Independence, for respondent.

SPERRY, Commissioner.

This is an appeal from an order and judgment of the Independence Division of the Circuit Court of Jackson County overruling defendant's motion to quash execution.

Iva Carl, plaintiff herein, sued defendant, James W. Carl, for divorce. A decree was granted on May 16, 1947 and she was awarded custody of their two adopted children. The parties had filed a "Stipulation and Agreement," and defendant therein agreed to pay plaintiff the sum of $3,600, at the rate of $150 per month until paid, "* * * for the support and maintenance of the plaintiff and the minor child or children, * * * in full settlement and satisfaction of any and all claims for temporary and permanent alimony and property settlement between the parties hereto * * *"; and he agreed to pay attorneys fees.

The court entered a judgment, granting plaintiff a divorce, custody of the children, attorneys fees and, "the sum of fifty $50.00 dollars per month * * * for the support and maintenance of said minor adopted children, twenty four hundred ($2400.-00) dollars alimony in gross, payable one hundred ($100.00) dollars per month, beginning June 1st, 1947."

On July 5, 1949, plaintiff and defendant signed and filed the following instrument in the Independence Division of the Circuit Court:

"* * * * * *

"1–Plaintiff herein was granted a decree of divorce from defendant on the 16th day of May, 1947, in the Independence Division of the Circuit Court of Jackson County, Missouri, and that under said decree plaintiff was allowed by the Court the sum of Fifty ($50.00) Dollars per month for child support of Carol Ladine Carl, and the sum of Twenty-Four Hundred ($2400,-00) Dollars Gross Alimony, payable at the rate of One Hundred ($100.00) Dollars per month commencing June 1, 1947.

"2–The Parties hereto mutually agree that said Order be modified and that the defendant hereby agrees to pay to plaintiff in lieu of the above mentioned Order, the sum of One Hundred ($100.00) Dollars per month as child support for Carol Ladine Carl, and One Hundred ($100.00) per month as alimony, commencing as of June 1, 1949, payable on the 1st and 15th of each month, respectively, and that the above agreement shall continue until changed by the mutual consent of the parties hereto.

* * * * * *

On July 5th the court made and entered the following order and judgment.

"Now on this day it is ordered by the Court that the decree of divorce heretofore entered on the 16th day of May, 1947, be and is hereby modified in accordance with stipulation and agreement filed herein between the parties.

"Therefore it is ordered and adjudged by the court that the plaintiff have and recover of and from said defendant the sum of One Hundred ($100.00) Dollars per month for the support and maintenance of said minor child, Carol Ladine Carl, and the further sum of One Hundred ($100.00) Dollars per month alimony commencing as of June 1st, 1949, payable on the 1st and 15th days of each month, respectively, in lieu thereof of the aforesaid judgment on May 16, 1947, and

that execution issue therefor against the defendant."

On January 8, 1954, defendant filed a "Motion to Modify Decree." He charged that the court was without jurisdiction to make the modification of July 5, 1949, as to alimony. He prayed that said order, as to alimony, be revoked and cancelled, and that the order relating to support of the minor child of the parties be reduced from $100 per month to $50 per month.

Evidence on the above mentioned was heard by Judge Strother, sitting for the regular judge of the division. On May 5, 1954, he entered judgment that "the decree, as theretofore modified July 5, 1949, be modified as to the award for alimony, and the judgment for $100 per month alimony is hereby cancelled and terminated as of this date."

A writ of execution issued on the judgment of July 5, 1949, for alimony claimed to be due plaintiff thereunder, at $100 monthly from September 1, 1953, after which date defendant made no payments to plaintiff. No question is presented as to non-payment of child support. Defendant moved to quash the execution. The motion was considered and, on July 30, 1954, was taken under advisement by the regular judge of the division.

On August 30, 1954, plaintiff filed "Motion to reinstate former judgment" on the ground that Judge Strother was without authority to modify the judgment of July 5, 1949, for the reason that same was "an agreed judgment in which the parties requested that the court enter the same in the form of a judgment and was not an alimony judgment," and the term at which it was entered was past.

The regular judge of the division heard and overruled defendant's motion to quash execution. He set aside Judge Strother's order of modification and reinstated the judgment of July 5, 1949. The appeal is from that judgment.

Defendant contends that the judgment of July 5, 1949, is one for alimony. If so, it is a void judgment. The 1947 judgment was for alimony in gross. It was not appealed and became, and is, a final judgment. The court was, therefore, without jurisdiction to modify it in 1949. Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364, 372. Plaintiff does not contend otherwise.

However, plaintiff contends that the 1949 judgment is not one for alimony, but is "an agreed judgment which the parties requested that the court enter same in the form of a judgment and was not an alimony judgment." She cites and relies on North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061.

The court ruled, in that case, that husband and wife, in contemplation of separation, could contract as to their property rights and maintenance for the wife, and that, if the contract were fair to the wife, the court could approve same and it would not thereafter be subject to change by court order as in cases involving alimony; that the stipulation there entered showed, on its face, that payments therein provided for the wife *did not* constitute alimony; and that the court had no power to modify same in any way.

That case has but little application here and certainly it is not controlling; for here it is recited in the judgment, as well as in the stipulation, that the subject matter dealt with is alimony and in the judgment rendered it is stated to be one for alimony. It cannot be a valid alimony judgment for no jurisdiction remained in the court to render such a judgment.

However, plaintiff says it is immaterial that the judgment was denominated a judgment for alimony if, in fact, it was a judgment based on an agreement. She cites North v. North, supra, 100 S.W.2d 587, as authority.

But, in the case at bar, the parties were not settling property rights and the rights of the wife to maintenance growing out of the marital relationship, as in the North case. Those matters, in the case at bar,

had long since been adjudicated and could no longer form the basis of an action.

For a judgment to be valid and enforceable the court must have had jurisdiction to render it. Courts only have power to decide such questions as are presented by the parties in their pleadings. Dahlberg v. Fisse, 328 Mo. 213, 40 S.W.2d 606, 611. Ordinarily, an action is commenced by the filing of a petition. State ex rel. Great Lakes Steel Corp. v. Sartorius, Mo., 249 S.W.2d 853, 855. There shall be a petition and an answer. Vol. 30, Section 509.010 RSMo 1949, V.A.M.S. It is essential to the validity of a judgment that the decision shall have been rendered in an action or proceeding before the court in some form recognized and sanctioned by law. The established modes of procedure should be followed. 33 C.J. 1072, par. 33, 49 C.J.S., Judgments, § 18. The authority to enter a judgment must rest upon an issue either of fact or law and, of necessity, presupposes an existing action. Booth v. Kingsland Avenue Bridge Association, 18 App.Div. 407, 46 N.Y.S. 457; Norton v. Southern Ry. Co., 138 Misc. 784, 246 N.Y.S. 676, 687.

If we treat the "stipulation" filed July 5, 1949, as a petition and answer (but we do not hold that it is such) and that it is a sufficient pleading upon which to base a judgment, it could only authorize a judgment modifying the alimony judgment entered in 1947. The stipulation presents no subject of action based on any different theory. It does not authorize a judgment on a contract, if it be said that the instrument was a contract. It authorizes the court to render a certain specific judgment, which it rendered, but which it was wholly without authority to render. The judgment is a nullity and will not support an execution. 33 C.J. 1072–1073, 49 C.J.S., Judgments, §§ 18, 19; Edmondson v. Edmondson, Mo. App., 242 S.W.2d 730–736.

Furthermore, if it could be said that defendant is liable for plaintiff's support and maintenance because of the "stipulation" or agreement, this execution, issued on a void judgment for alimony, cannot serve to recover on a claim based on another cause of action. Edmondson v. Edmondson, supra, 242 S.W.2d 735.

The judgment should be reversed and the cause remanded with directions to quash the execution.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded with directions to quash the execution.

All concur.