Lana Kathleen BACKY, (Plaintiff) Appellant,

v.

Andrew J. BACKY, (Defendant) Respondent.

No. 30950.

St. Louis Court of Appeals.

Missouri.

March 20, 1962.

James H. Connor, Festus, William L. Mason, Jr., St. Louis, for appellant.

W. H. S. O'Brien, Festus, William S. Bahn, St. Louis, for respondent.

SAMUEL A. DEW, Special Commissioner.

On respondent's motion to quash a general execution to enforce the part of a divorce decree awarding alimony in gross, the court sustained the motion, stayed execution and modified the decree so as to provide for the payment of the unpaid allowance in monthly installments pending the appellant's occupancy of real estate jointly owned by the parties. From that order this appeal was perfected. The sole point of error relied on is that the court lacked jurisdiction and authority to modify a decree of alimony in gross so as to provide for its payment in monthly installments.

On October 23, 1959, a divorce was granted to the appellant (hereinafter referred to as the plaintiff). In the decree the court also awarded to her the custody of the nine minor children of the parties, a monthly allowance for child support, and $9500 as alimony in gross. As to the alimony, the decree read that "the defendant pay to the plaintiff the sum of $9500 as Gross alimony in this case. Stay of Execution on the Gross Alimony, for one year upon payment to Plaintiff of the defendant's part of the equity in the Olive Street property and Defendant's part of the equity of the 2nd Street property as soon as it can be sold." No appeal was taken from that decree.

On January 10, 1961, a general execution was issued by the plaintiff to recover the unpaid portion of the said alimony in gross, to-wit: $6,920, inclusive of interest claimed by the plaintiff. The sheriff's return shows some sort of execution of this writ by "returning all papers and bills on this sale by orders of J. W. Thurman, Attorney." Meanwhile, however, the respondent (hereinafter referred to as the defendant) filed a motion on February 10, 1961, to quash the above execution on the grounds that the decree as to the alimony was not yet final because certain conditions thereof had not been performed by the plaintiff, having to do with the sale of "the 2nd Street property," jointly owned by the parties and referred to in the decree, the sale of which had been prevented by the plaintiff. The motion also prayed for a stay of execution until the judgment be declared to have been complied with and had become final. The motion alleged certain expenses and disbursements on defendant's part for the benefit of the minor children and that he had suffered a loss in the maintenance of the joint real estate. The motion further asked the court, in the alternative, in event it be found that he had performed his part of the provisions of the decree, that the execution be quashed and stayed, and that an order be entered "requiring the balance of gross alimony herein to be paid by defendant in equal monthly payments, without interest, in a definite amount not to exceed one hundred dollars ($100.00) per month." On February 13, 1961, the foregoing motion to quash is shown "sustained."

On April 12, 1961, an order was entered described in the record as "A Written Order Confirming Stay of Execution, entered February 13, 1961, and clarifying and modifying the original order." The ensuing order then recited the appearance of both parties in person and by their attorneys, and the court ruled therein that the "Defendant's Motion to Quash the Execution is hereby sustained and the payment of Gross Alimony is hereinafter clarified and modified." The order proceeded to find the facts to be that the defendant had paid the monthly child support as decreed; had continued to pay the mortgage payments on the joint properties on 2nd Street in Festus,

Missouri, and in Antonia, Missouri; had voluntarily maintained an insurance program for the benefit of their minor children at a cost of $150 per month; that plaintiff had received $6,000 at the time of the divorce decree of which $3,000 was applicable to the gross alimony and $3,000 was from the sale of real estate; that plaintiff had squandered the entire $6,000 and was now $1,000 in debt; that the plaintiff, with her eight minor children, had on or about April, 1960, moved into and was still occupying the 2nd Street property where, in fact, the court said, it appeared that she could reside more comfortably and economically than elsewhere, which occupancy, the court found, was reasonably worth $100 per month as a fair rental value. The order thereupon proceeded as follows:

"NOW THEREFORE, the Court finds that it would be to the best interest of the parties hereto and the said minor children that the unpaid Gross Alimony theretofore allowed be paid to the Plaintiff at the rate of ONE HUNDRED DOLLARS ($100.00) per month and that the Defendant be given credit for FIFTY DOLLARS ($50.00) per month as his share of rent due and owing by Plaintiff, and it is ordered that Defendant pay the sum of FIFTY DOLLARS ($50.00) per month until the entire unpaid balance of Gross Alimony is satisfied for so long as Plaintiff continues to reside in said Second Street property; and it is further ordered that in the final accounting Defendant shall be given credit for rental of Second Street property by Plaintiff prior to the date of this order, and that the Defendant be given credit for one-half of the total mortgage payments, insurance, taxes, repairs and maintenance on both the Second Street and Antonia, Missouri properties, to the extent that such total exceeds the rents received from the Antonia property; the Court Further finds as a matter of fact that there remains due and unpaid on the Gross Alimony

allowance the sum of SIX THOUSAND, FIVE HUNDRED DOLLARS ($6,500.00) less the sum of FIVE HUNDRED DOLLARS ($500.-00) being one-half the rent on the Second Street Property from April 1960 to and including January 31, 1961 inclusive, or SIX THOUSAND DOLLARS ($6,000.00) which is subject to accounting deductions, if any, of mortgage payments, insurance, taxes, repairs and maintenance as above mentioned, possibly exceeding rental income.

"It is further ordered that Execution will issue on the unpaid balance of Gross Alimony, less credits, upon default of a monthly payment as provided herein.

"So ordered this 12th day of April, 1961."

Plaintiff asserts that the only authority for a modification of a decree of alimony must be found in Section 452.070 RSMo 1959, V.A.M.S., and that no authority is found in that statute for the modification of an award of alimony in gross. She further claims that it is uniformly so held by the reviewing courts of this state. That statute, it will be recalled, referring to awards of child custody, child maintenance and alimony, provides that: "The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance, as may be proper * * *."

■ The law relative to modification of a judgment for alimony under the above statute is well stated in Landreth v. Landreth, Mo.App., 326 S.W.2d 128, 131, as follows: "A modification of a judgment for alimony is dependent on a change in the circumstances of the parties between the time the judgment is entered and the time the motion for modification is filed (citations). * * * 'authority for modification of a judgment for alimony is dependent upon proof of a subsequent change in conditions. * * *'"

Defendant contends that the original decree itself prescribed certain conditions as to when and how the gross alimony could become final and collectible, namely, upon the suggested sale of joint properties from which defendant could pay his equities to apply on the alimony; that the conditions referred to in the decree were ambiguous and unenforceable; that, with the parties before it, upon the motion, the court properly recognized a mandate to clarify its decree and to do so with the facts in mind as they had since transpired and appeared; that the court did not alter the gross amount of alimony awarded, but only supplied the method of its payment; that great deference should be paid the action of the court which had all the parties before it; that this court should review the matter de novo in the light of the record and should approve the order made; that the alimony should be treated separately from the divorce; that the award remained ambiguous from the date of the decree to the date of the order appealed from resolving the ambiguity; that jurisdiction, in the absence of proof, should be presumed.

It is evident from the order in question that the court was confronted with a perplexing set of facts. It appears from the decree that the court believed that the gross alimony would and could be paid, in whole or in part, out of the defendant's equities in two tracts of real property jointly owned by the parties and which would be sold; one of these properties was the "Olive Street" property and the other the "2nd Street" property in Festus, Missouri. There seems to be other joint real estate mentioned in the record in Antonia, Missouri. The court, however, having fixed in its decree a definite aggregate amount of alimony as a gross award, it undertook to withhold the finality or the collectibility of the award by providing for a one year stay of execution thereon "upon payment to Plaintiff of Defendant's part of the equity" in the two properties described, "as soon as it can be sold." It developed on the motion to quash that the Olive Street property had, in fact, been sold after the decree and defendant had paid to the plaintiff his part of the proceeds, $3,000, to apply on the gross alimony, she receiving her part at the same time in the same amount. But it also appeared upon the hearing on the motion, that defendant, since February, 1960, a little more than six months after the decree, had been prevented from realizing his equity in the 2nd Street property and applying the proceeds therefrom to the gross alimony as referred to in the decree, for the reason that plaintiff, with her eight minor children, had moved into that property and was occupying it at the time of the order of modification, as both tenant-in-common and occupant thereof. It also appeared from the evidence that the fair rental value of that property was $100 per month, to half of which defendant was entitled. The court found, however, that at that time the plaintiff and her children could reside more comfortably and economically in the 2nd Street property than elsewhere, but that defendant was entitled to $50 per month of the rental for which he should receive credit on the alimony.

Aside from the change of conditions shown in the order appealed from, it was evident that the original decree itself was ambiguous; that the finality of the award of the gross amount was deferred for one year by the terms of the award itself, upon the payment of defendant's equity in the joint real estate named "if it can be sold," but it is not clear how, when or by whom it was to be determined when such property "can be sold," nor whether such payments of equity must be made within the year following the decree or at some other time. Under the conditions the court found it necessary to clarify the finality of the award, and further found that the subsequent circumstances affecting the best interests of the minor children and the parties made it proper, in ruling on the motion, to modify the mode of payment of the gross amount of alimony.

■ Consideration of the finality or modification of an award of alimony does not

involve the awards of the decree for divorce, custody of the children or allowance for child support. Beckmann v. Beckmann, 358 Mo. 1029, 218 S.W.2d 566, 570, 9 A.L.R.2d 428; Poole v. Poole, Mo.App., 287 S.W.2d 372.

The plaintiff takes the firm, unconditional stand that because the award of alimony was for a gross amount, the award cannot be modified in any respect. In support of her position she cities several decisions of the courts of this state. In Nelson v. Nelson, (en banc) 282 Mo. 412, 221 S.W. 1066, it is ruled that a judgment for alimony cannot be modified so as to defeat a wife's right to installments already accrued. In Arnold v. Arnold, Mo., 222 S.W. 996, an award of $25,000 alimony in gross, to be paid at the expiration of a trust of five years or at the death of a person named was, upon a motion for new trial, modified at a succeeding term to declare such award to be in lieu of all dower and marital rights. It was ruled that a decree awarding alimony in gross is not subject to modification after the term, but that the order in question was made on a motion duly filed in term and continued to the succeeding term. In Carl v. Carl, Mo.App., 284 S.W.2d 41, the decree awarded the wife $2400 alimony in gross. Later, on stipulation, the court modified the alimony allowance to one for monthly payments of $100 each in lieu of the original judgment for alimony in gross. Thereafter, on motion, the modification was set aside and the original award reinstated. No appeal was taken from the original decree and the appellate court ruled that the award of alimony therein was in gross and was a final judgment, and being an allowance in gross, it could not be modified.

In Hughes v. Wagner, Mo.App., 303 S. W.2d 181, it was held that the court has no power in divorce actions to modify a decree for alimony as to installments already accrued. The court had ordered certain past due and unpaid installments of alimony to be paid at certain new dates in the future. In Schaffer v. Security Fire Door Company, et al., Mo., 332 S.W.2d 860, it was ruled that on a motion to quash an execution under a divorce decree, the court should quash the execution to the extent that it exceeded the amount claimed or due, and thus to amend the execution.

Further research discloses similar rulings in other cases in this state. Burtrum v. Burtrum, Mo.App., 210 S.W.2d 364, was a direct appeal from a divorce decree, wherein alimony in gross, payable in monthly installments, was modified to a fixed amount per month without limitation as to the aggregate sum allowed, and the court in that connection at page 372, said: "The chief advantage of such a plan is that it is flexible and subject to modification from time to time as changing conditions might require; while an allowance of alimony in gross is fixed, permanent, and final and is not subject to modification except on direct appeal." The court in Smith v. Smith, 350 Mo. 104, 164 S.W.2d 921, said by way of dictum at page 924: "* * * an allowance of alimony in gross is held to be not subject to modification, Arnold v. Arnold, Mo.Sup., 222 S.W. 996, except on direct appeal. Wells v. Wells, Mo.App., 117 S.W. 2d 700." It is stated in 27A C.J.S. Divorce § 238(a), page 1115: "A decree for alimony alone is ordinarily subject to modification; but this does not apply to lump sum allowances."

■ It is our view that the above cases cited by the plaintiff and the other authorities above noted which hold that an award for alimony in gross cannot be modified except on appeal, are applicable to and contemplate only such awards of gross alimony as, by their terms and form, are final, determined, unambiguous and capable of execution. It must be borne in mind that the award here in question, while gross in amount, expressly withheld its finality as to its enforceability pending the possible sale of joint real estate out of which the defendant's equities, if such properties were sold within a limited time, might be applied to the gross award, and the clarification did not alter the gross amount of the original award.

It is said that "If anything has been omitted from the judgment which is necessarily or properly a part of it, and which was intended and understood to be a part of it, but failed to be incorporated in it through the negligence * * * of the court or counsel, or the clerk, the omission may be supplied by an amendment, even after the term. If the proposed amendment is a mere afterthought, and formed no part of the judgment as originally intended and pronounced, it may not be brought in by amendment." 49 C.J.S. Judgments § 240, p. 455 and, § 249, at page 463, "Independently of statute, a judgment may be amended so as to cure it of ambiguity or remove the possibility of confusion."

It has been ruled by this court that "It is elementary that a judgment must be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. It must be in such form that the clerk is able to issue an execution upon it which an officer will be able to execute." Bishop v. Bishop, Mo.App., 151 S.W.2d 553, 557. The Supreme Court said in State ex rel. Rosen v. McLaughlin, Mo. (en banc), 318 S.W.2d 181, at page 185, 68 A.L.R.2d 1366, that "We may not hold the court's order to be an absolute nullity unless it is so absolutely unintelligible and no other construction may be placed upon it." In 27A C.J.S. Divorce § 238, page 1112, it is stated that "A court may construe and clarify ambiguous decrees for alimony whether or not it has the power to modify them."

■ There can be no question of the authority of the court in a divorce action to provide, in its decree for an award of alimony in gross, that it be payable in installments. 17 Am.Jur., page 734, Section 670. The original decree itself, on which the plaintiff relies, provided, although ambiguously, and without disturbing the gross amount of the award, for possible conditional installments in the future, upon the later sales of joint real estate.

We believe it is clear in the instant case that the court intended to and did fix and determine the aggregate or gross amount of the alimony; that it intended to and did grant a stay of execution thereon to permit of a certain mode of future payment; that in so doing certain ambiguous provisions were made, deemed necessary to carry the judgment into effect; that on the motion to quash and stay execution and to modify, the court, under the changed conditions shown, modified and clarified the decree only as to the manner and mode of its execution.

In State ex rel. Maple v. Mulloy, 322 Mo. 281, 15 S.W.2d 809, the Supreme Court recognized exceptions to the rule prohibiting the amendment of a judgment after term except upon appeal, and said on page 814 that such rule did not apply to instances where statutory authority existed or to exceptions "such as subsequent directions necessary to carry a judgment into effect, but which do not change or modify the judgment with respect to matters put in issue and determined by the judgment (34 C.J. 235), and changes in the directory parts of a judgment looking to the mode of its execution."

The same exception is noted in 49 C.J.S. Judgments § 238, page 454: "Likewise, directions for carrying a judgment into effect, which do not change or modify the judgment with respect to matters put in issue and determined by the judgment, may be inserted or modified by amendment (citations)."

The additional fact exists in the instant case that the decree is one in a divorce case including an award of alimony, one of the elements made subject to amendment or modification by the statute. See also 15 R.C.L., Judgments, § 129.

■ It is our conclusion that the court had the power and authority, upon motion and with the parties present, to quash the execution on the award as decree, and to stay execution thereon, because of the provision of such award granting a stay of execution thereon, and because of the ambiguity of the conditions of such postpone-

ment, and, further, because of the authority given under Section 452.070 RSMo 1959, V.A.M.S., upon ample evidence of substantial change of conditions, to make such alterations from time to time as to allowances of alimony as may be proper. For the reasons stated, we conclude that the order of the trial court on the motion to quash the execution and to stay execution and to modify the provisions for carrying the judgment into effect should be affirmed. The Special Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DEW, Special Commissioner, is adopted as the opinion of the Court.

The judgment of the trial court is, accordingly, affirmed.

ANDERSON, P. J., WOLFE, J., and SAMUEL E. SEMPLE, Special Judge, concur.