**Ronald E. HILL, Appellant,**

v.

**Charlotte A. HILL, Respondent.**

**No. 53990.**

Supreme Court of Missouri,
Division No. 1.

July 14, 1969.

Cottingham & Williamson, James S. Cottingham, J. D. Williamson, Jr., Independence, for appellant.

Rodger J. Walsh, Donald J. Quinn, Kansas City, for respondent.

WELBORN, Commissioner.

Appeal from judgment in divorce action, in which wife was awarded alimony in gross of $20,000, payable at the rate of $400 per month, and $2,000 attorneys' fees.

Ronald Hill and Charlotte Hill were married January 29, 1957. On October 6, 1967, the husband filed a petition for divorce in the Jackson County Circuit Court. The wife filed an answer and cross-bill. Upon a trial, the wife was awarded a judgment of divorce. With the assent of plaintiff, an award of $300 per month for support of the three children of the parties was made. Alimony in gross of $20,000, payable at the rate of $400 per month was allowed, together with attorneys' fees for the wife of $2,000. On this appeal, the contentions of the husband-appellant are that the alimony allowance was excessive under the evidence, and that the attorneys' fees were excessive since the evidence showed that the wife had sufficient means and property to defend and prosecute the action.

A question of this court's jurisdiction of the appeal arises. Appellant asserts that the amount in dispute is the total of the awards here attacked, or $22,000, and this is in excess of the $15,000 amount in dispute required to invoke the jurisdiction of the Supreme Court. Art. V, § 3, Const. of Mo., 1945; § 477.040, RSMo 1959, V.A. M.S.

■ The alimony in gross award does establish a fixed obligation to pay the sum of $20,000, although it is payable in installments. Carl v. Carl, Mo.App., 284 S.W.2d 41; Backy v. Backy, Mo.App., 355 S.W. 2d 389. However, in his brief, appellant has not sought to be relieved of all obligation to pay alimony to his former wife. His attack is on the allowance as "grossly excessive." The attack is based upon the claim that appellant's assets are, as shown by his evidence, $40,166, with an indebtedness of $4,700, leaving a net worth of $35,-466. He argues that, of his assets, $39,616 is represented by stock in two family corporations for which appellant worked as an engineer, and that such assets are not available for payment of the award to plaintiff because there is no market for the stock. He contends that the effect of the decree is to require him to pay $300 child support (not contested) and $400 to the wife, each month, from his net monthly income of $892 per month. He also argues that the wife is a young woman, qualified to support herself by prior experience and by training as a model. Although the testimony was that appellant's bimonthly paychecks totalled $892 per month, his income tax returns for 1966 showed gross salary of $16,606.72 and for 1967, $18,294.48, with net taxable income, prior to exemptions, of $14,142.30 and $16,337.87, respectively.

■ Appellant's counsel asserted on oral argument that appellant did not "concede

**194**

that this woman is entitled to gross award in any amount." However, his failure to assert that the court erred in allowing alimony in gross is, in effect, a concession that, under the evidence, the trial court was justified in making such an allowance in some amount. When questioned as to the amount by which it was claimed the award was excessive, counsel replied, "That's a difficult question to answer." He finally stated: "In view of Mr. Hill's assets, I question whether an alimony in gross award of much more than $1,000 would be justified."

Assuming that the entire sum awarded for attorneys' fees is in dispute, the award of alimony must be excessive by at least $13,000 in order to fix the amount now in dispute as in excess of $15,000. If this court is to have jurisdiction of this award, the record must affirmatively demonstrate that the amount in dispute does exceed the minimum of the jurisdictional limit of this court. Molasky v. Lapin, Mo., 384 S.W.2d 613. Reference to the record below and even to appellant's brief on this appeal is of no avail in determining the amount by which appellant considers the award to be excessive. Certainly, a substantial award would, on the record, have been wholly defensible, even in the light of the favorable view of the evidence which appellant has taken on the appeal.

The failure of appellant to claim or in any manner to demonstrate the amount by which the alimony award was excessive leaves us without any proper basis for concluding that this appeal is properly in this court. The bald assertion on oral argument that no award of "much more than $1,000" would be justified affords no basis for retention of the case in this court. Compare Rickard v. Rickard, Mo.App., 428 S.W.2d 919.

Transferred to Kansas City Court of Appeals.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

STORCKMAN, J., HENLEY, Alternate Judge, and SEMPLE, Special Judge, concur.

SEILER, P. J., not sitting.

HOLMAN, J., not sitting when cause was submitted.