Lenora Iris LANEY (now Moore), Appellant,

v.

Howard Dean LANEY, Respondent.

No. KCD 27267.

Missouri Court of Appeals, Kansas City District.

March 29, 1976.

Allan R. Browne, Kansas City, for appellant.

Albert L. Hencke, Independence, for respondent.

Before TURNAGE, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Appeal from judgment modifying divorce decree by terminating husband's liability to make alimony payments to former wife.

Lenora Iris Laney filed suit for divorce from her husband, Howard Dean Laney. On December 18, 1972, the matter was tried before Honorable William J. Peters, Judge of the Jackson County Circuit Court. Testimony from each of the parties was heard before the court's noon recess. When the hearing resumed, the following occurred, with the plaintiff on the stand:

"*DIRECT EXAMINATION BY MR. WILLIAMS*:

"Q Iris, over the lunch hour, you've been in contact with me, and I understand that it is stipulated and agreed, between you and Mr. Laney, that Mr. Laney intends to withdraw his answer in this case; and, that you feel it's in the best interest of your two teenaged boys that they remain with and live with their father, if the Court grants a divorce in this matter, is that correct?

"A That's right.

"Q And you are asking the Court to grant you alimony in the sum of $150.00 per month, for a period of two years, twenty-four consecutive months, is that correct?

"A Yes.

"Q And you're asking for an attorney's fee of $500.00?

"A That's right.

"Q And you are asking for your costs?

"A Right.

"*CROSS–EXAMINATION*

"*BY MR. HENCKE*:

"Q Mrs. Laney, you understand that you will assign and transfer any rights that you might have in the house to your husband by executing quit claim deed?

"A Yes.

"Q And that all the household goods, furniture and appliances that are in the house will remain there; and that he will have the right and ownership of those items?

"A Yes.

"Q But you do have the right to your personal effects that you have in the house, that you have not removed?

"A Right.

"Q And that you have the right of reasonable visitation with your two boys? That could be at any particular time, as long as reasonable, timely notice is given; but you have the right to visit with them, at their home, or they may visit with you, outside of the home. Do you understand that?

"A Yes.

"Q There is also the matter of the chattel mortgage on the fourteen foot boat, motor and trailer. Are you willing to sign any right of title—if that is in your name, as well, are you willing to sign away your right and interest to that?

"A Yes.

"Q And to a 1969 Ford pickup truck and camper?

"A Yes.

"MR. HENCKE: I believe that's all.

"MR. WILLIAMS: The plaintiff rests.

"MR. HENCKE: The defendant moves to withdraw his answer to plaintiff's petition for divorce, and allow the matter to proceed as a default.

"*EXAMINATION BY THE COURT*:

"Q Now, ma'am, you do believe it's in the best interest of these two children of yours to be in the custody of their father, is that right?

"A Yes, and to stay in the home.

"THE COURT: The plaintiff is granted a decree of divorce; alimony in the sum of $150.00 per month for twenty-four months. Plaintiff granted attorney's fees $500.00. Defendant granted custody of two minor children; plaintiff to have reasonable visitation upon reasonable notice."

The decree of record, after formal recitations and dissolving the marriage, continued:

"IT IS FURTHER ORDERED AND ADJUDGED BY THE COURT that the plaintiff be and she is hereby awarded the sum of One Hundred Fifty Dollars ($150.00) per month Alimony for twenty four months and the further sum of Five Hundred Dollars ($500.00) Attorney Fees; that the defendant be and he is awarded the care, custody and control of the said minor children, namely, Howard Duane Laney and Kenneth Ray Laney, born of said marriage relations, that plaintiff have the right to see and visit said minor children at all reasonable times upon reasonable notice.

"WHEREFORE IT IS ORDERED AND ADJUDGED BY THE COURT that the plaintiff have and recover of and from the defendant the sum of One Hundred Fifty Dollars ($150.00) per month Alimony for twenty four months and the further sum of Five Hundred Dollars ($500.00) Attorney Fees, together with all costs incurred herein, and let execution issue therefor against the defendant."

On January 24, 1974, the defendant filed an application for modification of the decree. It alleged that, since the rendering of the decree, defendant had made all payments of alimony as ordered. It further alleged that plaintiff had remarried in November, 1973, and was no longer dependent upon the alimony payments for her support and maintenance. The motion requested that the alimony payments be terminated.

The motion was considered on the record, including a partial transcript of the original proceedings, which included the above-quoted excerpt of testimony of the plaintiff. The court entered an order terminating alimony. Plaintiff has appealed.

On this appeal, appellant's contention is that the alimony award in the decree of divorce was either a property settlement or alimony in gross, neither of which would be subject to modification.

■ That neither contractual support and maintenance (*LaFountain v. LaFoun-*

*tain,* 523 S.W.2d 847 (Mo.App.1975); *Goulding v. Goulding,* 497 S.W.2d 842 (Mo.App. 1973)) nor alimony in gross (*Backy v. Backy,* 355 S.W.2d 389 (Mo.App.1962); *Carl v. Carl,* 284 S.W.2d 41 (Mo.App.1955)) is properly subject to judicial modification, once the obligation therefor has become final, is not questioned. The problem is whether or not the respondent's obligation in this case is within either of these categories.

■ Insofar as the contractual obligation argument is concerned, it is clear from the transcript quoted above that no property settlement agreement was presented to the court for its approval. Although the language of the attorneys is indicative of a compromise between the parties, the fact that no agreement was submitted for the court's approval is fatal to appellant's argument that the decree embodied a property settlement. *Gunnerson v. Gunnerson,* 379 S.W.2d 861, 866–867[5] (Mo.App.1964). Furthermore, the matter of the support and maintenance to be paid plaintiff was not presented as an item agreed to between plaintiff and defendant and submitted to the court for its approval. Rather, as presented, plaintiff clearly was requesting the court to grant her *alimony,* likewise wholly inconsistent with the idea that approval of the court was being sought for that amount as agreed to between the parties. *Gunnerson v. Gunnerson,* supra. Appellant cannot prevail on this theory.

■ As for the alternative argument, there is no question that the court could have made an allowance of alimony in gross and, even though it was specified as payable in installments, it would retain the character of an award in gross insofar as subsequent modification might be concerned. *Backy v. Backy,* supra; *Carl v. Carl,* 284 S.W.2d 41, 43[1] (Mo.App.1955). Appellant argues that the judgment here should be construed as if it did award a gross amount as alimony, payable in installments, because otherwise the award would be in excess of the court's power in that it might have imposed an obligation payable beyond the death of the defendant. See

*North v. North,* 339 Mo. 1226, 100 S.W.2d 582, 585[7] (1936); *Edmondson v. Edmondson,* 242 S.W.2d 730, 735–736[7] [8] (Mo.App. 1951); *Smethers v. Smethers,* 263 S.W.2d 60 (Mo.App.1953); *Jeans v. Jeans,* 314 S.W.2d 922 (Mo.App.1958). Certainly, the decree should receive a construction which would sustain its validity. *Jeans v. Jeans,* supra.

Neither party has cited a case in which a court of this state has considered the question here raised. A similar question was raised in *Cummings v. Lockwood,* 84 Ariz. 335, 327 P.2d 1012 (1958). There the award was for payment by the husband to the wife of $75.00 per month "for a period of six (6) months only as and for alimony payments." The court found that this was an award of alimony in gross, payable in installments, and not subject to subsequent modification. In that case, the wife, two days before the last of the six monthly payments was due, moved to modify the decree to extend the husband's liability, alleging that she had been seriously injured and would require an operation.

The court held that the decree, considered in the light of the circumstances, evidenced an intention on the part of the trial court to definitely fix the obligations of the parties at the time of the divorce and that the award of alimony was an award in gross. The court did give weight to the use of the word "only" in the decree. 327 P.2d 1015[4].

The reasoning of that case is here convincing. The circumstances surrounding the entry of the decree point to a purpose of the parties and the court to arrive at a final determination of the rights and liabilities of the parties. Had the court included in its decree the gross amount to be paid as alimony, the matter would have been free from doubt. However, the absence of such a provision here should not preclude the same result.

Reversed and remanded with direction to enter a new decree disallowing the motion for modification.

All concur.