**Miriam T. DESLOGE, (now Potter), Petitioner-Respondent,**

v.

**Bernard F. DESLOGE, Respondent-Appellant.**

**No. 43165.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 14, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 15, 1981.

Application to Transfer Denied
July 14, 1981.

for summary judgment and which further dismissed his motion to modify the dissolution decree with prejudice. Because an order which overrules a motion for summary judgment is interlocutory and therefore not appealable, we are constrained to reverse and remand only that portion of the trial court's action which dismissed his motion to modify. *Mitchell v. Commercial Standard Insurance Co.*, 565 S.W.2d 184, 186 (Mo.App. 1978); *Hamiltonian Federal Savings & Loan v. Reliance Insurance Co.*, 527 S.W.2d 440, 444 (Mo.App.1975).

On April 8, 1977, the Circuit Court of St. Louis County entered a decree which dissolved the parties' marriage and ordered them to carry out the terms of their separation agreement. Prior to the court's entry of the above-mentioned dissolution decree, the parties had engaged in negotiations and ultimately executed a stipulation styled "settlement agreement."

The settlement agreement expressed the parties' desire, "to adjust, settle and determine their respective property rights . . . ." Article III thereof provided that husband "shall pay" wife the sum of $4,132.23 per month for a period of 121 months, and that said payments would terminate upon the first to occur of wife's death or expiration of 121 months. Husband's obligation to make the monthly payments would not cease upon his death, but would be continued by his estate. Article III also provided that the monthly installments would be adjusted annually to conform with the St. Louis area annual average consumer price index. Article III granted each party a complete and unconditional release from all claims or obligations save those expressed in the agreement.

Wife remarried on July 31, 1979, and husband filed his amended motion to modify the dissolution decree shortly thereafter. Husband's amended motion sought termination of his maintenance obligation under Article III of the settlement agreement, as well as an order which would require wife to relinquish maintenance husband had prepaid for the period of July 30, 1979 through January 11, 1980.

Harold B. Bamburg, Ken Heinz, St. Louis, for respondent-appellant.

Bernard Barken, Clayton, for petitioner-respondent.

CRIST, Presiding Judge.

Appellant "husband" appeals the trial court's order which overruled his motion

Husband moved for summary judgment with respect to his amended motion to modify based on affidavits, certificates and admissions which established wife's remarriage. Wife filed a motion to dismiss husband's amended motion to modify. The court overruled husband's motion for summary judgment and dismissed his motion to modify with prejudice after a non-evidentiary hearing.

■ Husband correctly maintains that the remarriage of his wife operated so as to terminate his obligation to provide maintenance, because a provision to the contrary was not "express[ed]" in the parties' agreement nor contained in the court's decree. Section 452.370.2, RSMo 1978.

Missouri has adopted two statutes which relate to termination of a maintenance obligation upon remarriage of the party to whom that obligation is owed. Section 452.075, RSMo 1978 states, in pertinent part:

When a divorce has been granted, and the court has made an order or decree providing for the payment of alimony and maintenance of the wife, the remarriage of the former wife shall relieve the former husband from further payment of alimony to the former wife from the date of the remarriage, without the necessity of further court action . . . .

The above statute was enacted in 1957, and interpreted in *Glass v. Glass*, 546 S.W.2d 738 (Mo.App.1977). Following introduction of the Dissolution of Marriage Act in 1974, Missouri also adopted § 452.370, RSMo 1978. Subsection 2, thereof, provides that:

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Section 452.370, RSMo 1978, is identical in all respects to § 316(b) of the Uniform Marriage and Divorce Act.

Article III of the parties' settlement agreement, which relates to husband's obligation to pay maintenance, reads as follows:

Husband's obligation to make the periodic maintenance payments herein described shall terminate upon the earliest to occur of (a) Wife's death, or (b) the expiration of 121 months after the date said decree becomes final. In the event of the death of Husband, prior to the expiration of 121 months following the date the decree becomes final, the obligation set forth herein shall continue to be paid by the legal representative of his estate during the administration thereof and thereafter ratably by his heirs.

■ Wife contends that the foregoing excerpt from the settlement agreement satisfies the requirement of § 452.370.2, RSMo 1978 (to-wit: that an obligation to pay future maintenance after remarriage of the receiving party be made "in writing or expressly provided in the decree") inasmuch as the parties expressed but two instances when husband's obligation would terminate, i. e.: (1) upon the death of wife, or (2) upon expiration of 121 months. We cannot agree. The language of § 452.370.2, RSMo 1978 makes it abundantly clear that neither an implied agreement nor an exclusionary inference can satisfy the dictate of § 452.-370.2, RSMo 1978, and prevent termination of the maintenance obligation after remarriage.

The Commissioner's Notes which supplement § 316(b) of the Uniform Marriage and Divorce Act (upon which section § 452.370.2, RSMo 1978 is based) explains:

Subsection (b) authorizes the parties to agree in writing or the court to provide in the decree that maintenance will continue beyond the death of the obligor or the remarriage of the obligee. *In the absence of such an agreement or provision in the decree, this section sets the termination date for the obligation to pay future maintenance.* (Emphasis added.)

Other jurisdictions which have been called upon to interpret similar statutory provisions are in accord with our conclusion. See *Clark v. Clark*, 601 S.W.2d 614, 615 (Ky.App.1980) and *In re Estate of Estelle*, 122 Ariz. 109, 593 P.2d 663, 667 (1979).

Wife next suggests that even if the settlement agreement did not satisfy § 452.-370.2, RSMo 1978, husband's obligation to pay maintenance did not terminate upon wife's remarriage because his obligation was "contractual," as opposed to "decretal," and therefore not subject to modification. Wife predicates this agreement, at least in part, upon the proposition that because the court could not have awarded a cost-of-living adjustment of its own volition (that is to say, in the absence of such a provision in the parties' settlement agreement) the instrument was obviously intended to be contractual in nature. Although we agree that the court could not itself make an award subject to a cost-of-living adjustment, once such an agreement is made, and tendered to the court, § 452.325.4(1), RSMo 1978 obliged the court to adopt the arrangement *as part of its decree* in the absence of an *express* term to the contrary. Failure to include such an express provision results in the agreement becoming decretal and enforceable (or modifiable) as would be any other judgment. Section 452.325.5, RSMo 1978; *Haggard v. Haggard*, 585 S.W.2d 480, 481–482 (Mo.banc 1979); *Brucker v. Brucker*, 611 S.W.2d 293 (Mo.App.1980).

Lastly, wife contends that the maintenance provisions in the "settlement agreement" constituted "maintenance in gross" as opposed to "periodic maintenance" and cites as authority *Laney v. Laney*, 535 S.W.2d 510 (Mo.App.1976). The *Laney* case involved a situation wherein the former wife was to receive $150.00 per month for a period of 24 consecutive months. The court in *Laney* held the mere fact that the alimony was payable in installments did not alter its character as alimony in gross.

However, in the case at bar there exist other indicia of the "character" of husband's obligation which differ markedly from those in *Laney*. For instance, in their "settlement agreement" the parties themselves styled the payments "periodic maintenance." Further, husband's obligation to provide wife "periodic maintenance" was to cease upon her death and hence her right to receive the payments was not "vested."

*Swanson v. Swanson*, 464 S.W.2d 225, 228 (Mo.1971); *D___ E___ W___ v. M___ W___*, 552 S.W.2d 280, 283 (Mo.App.1977); also see, *Hardwick v. Hardwick*, 55 Ala.App. 156, 314 So.2d 76, 78 (1975). Finally, there was no award of a *definite* sum of money as the payments were to be $4,132.23 per month until the end of the first year and thereafter adjusted to keep pace with the ever escalating cost-of-living. Section 452.-080, RSMo 1978; *Palacio v. Palacio*, 33 Ill. App.3d 1074, 339 N.E.2d 427, 430 (1975); *Hardwick, supra*.

Accordingly, the order which dismissed husband's motion to modify is reversed.

Reversed and remanded.

REINHARD and SNYDER, JJ., concur.