Karen K. JACOBS, a/k/a Karen K. Lambert, Respondent,

v.

Philip Raymond JACOBS, Appellant,

and

Red Lion Beef Corporation, Garnishee.

No. 44065.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 9, 1982.

Lester W. Duggan, Jr., St. Charles, for appellant.

Richard L. Constance, St. Louis, for respondent.

CRIST, Judge.

The appellant and respondent were formerly husband and wife, respectively (which is how we refer to them hereafter), whose marriage was dissolved in 1978. The wife was awarded in the dissolution decree:

[T]he sum of $300.00 per month as and for her maintenance, in installments in the amount of ONE HUNDRED FIFTY DOLLARS ($150.00) each, payable on the 1st and 15th day of each month through September, 1980.

Husband stopped making the payments upon wife's remarriage in December, 1979, and she subsequently sought a garnishment on execution to collect the amounts she claims came due following her remarriage. Husband moved to quash the execution and garnishment, and this appeal is from the trial court's order denying his motion. We reverse and remand.

Section 452.370.2., RSMo. 1978 provides (all further references to statutory sections are to RSMo. 1978):

Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated upon the death of either party or the remarriage of the party receiving maintenance.

Section 452.075 provides for a husband's maintenance obligation to terminate automatically on the wife's remarriage, without the necessity of further court action. Husband contends the decree provision quoted earlier is a simple maintenance award, and there being no written agreement or decree provision otherwise, his maintenance obligation terminated on wife's remarriage under the plain terms of the statutes just cited.

Wife contends, relying on the decision of *Laney v. Laney*, 535 S.W.2d 510 (Mo.App. 1976), that the award was not "future maintenance" but maintenance in gross to be paid in installments, in which case—and notwithstanding § 452.370.2.—her remarriage would not terminate husband's obligation to make payment. *Laney* held a simi-

lar maintenance provision to be an award of maintenance in gross, but did so by looking to evidence of "[t]he circumstances surrounding the entry of the decree point[ing] to a purpose of the parties and the court to arrive at a final determination of the rights and liabilities of the parties." *Id.* at 513. No extrinsic evidence of such purpose was even offered here. And whatever may have been the case in *Laney*, no issue raised by the pleadings before us justifies an exception to the general rule that a judgment cannot be modified, explained, or contradicted by resort to extrinsic evidence. *See: Marley v. Marley*, 356 Mo. 870, 204 S.W.2d 261, 264 (1947). *Laney* is not in point.

The correct gauge of the maintenance provision is in *Hampton v. Hampton*, 536 S.W.2d 324, 325 (Mo.App.1976):

The general rules of construction of written instruments apply to the construction of judgments.... [I]f the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in light of the literal meaning of the language used.

The trial court in the parties' dissolution action was authorized to award either maintenance in gross or "future maintenance," *D_E_W_ v. M_W_*, 552 S.W.2d 280, 282 (Mo.App.1977), and in the latter event to order maintenance "in such amounts and for such periods of time as the court deems just ...." Section 452.335.2. It is apparent on the face of the decree the trial court took the latter course. Had the trial court in the dissolution action intended to award wife maintenance in gross, it presumably would have so indicated by awarding maintenance in a gross amount or lump sum, or by stating the award is in gross. It did neither. Wife was not awarded maintenance in gross, and husband's obligation to make maintenance payments terminated on wife's remarriage by reason of the absence of a written agreement or decree provision to the contrary. *Desloge v. Desloge*, 617 S.W.2d 486, 488 (Mo.App.1981).

. We reverse and remand with instructions to quash the execution and garnishment.

REINHARD, P. J., and SNYDER, J., concur.