**William George ROBERTSON, Sr. and Sondra Marie Robertson, Appellants,**

v.

**Cecil Nellie HAGAN, Respondents.**

**No. 56933.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 5, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 11, 1990.

Application to Transfer Denied
Feb. 13, 1990.

John W. Reid, II, Fredericktown, for appellants.

Marc S. Kramer, St. Louis, for respondents.

CRIST, Judge.

This action involves an appeal from an entry of summary judgment against plaintiffs-appellants in their partition action. We reverse and remand.

On February 17, 1987, a divorce decree dissolved the marriage of Cecil Hagan, respondent in this action, and Clifford Hagan, now deceased. The decree ordered a tract of marital real property to be held "from this date forward as joint tenants with rights of survivorship and not as tenants in common." Defendant asserts this decretal language created an ambiguity. But not so.

On August 10, 1988, Clifford Hagan conveyed his undivided one-half interest to himself, Sondra Marie Robertson and William George Robertson, Sr. as "joint tenants and not tenants in common." The deed was properly recorded. Clifford Hagan died on October 15, 1988. Plaintiffs-appellants, the Robertsons, filed this partition action on December 21, 1988. They claim to have a one-half undivided interest in the property and want it to be sold. Respondent, Cecil Hagan owns the other one-half undivided interest as a tenant in common.

 An interest in joint tenancy may be converted into a tenancy in common by the conveyance in fee by one of the joint tenants. *McClendon v. Johnson,* 337 S.W.2d 77, 81–82 [1, 2] (Mo.1960). By doing so, the right of the last surviving joint tenant to own the entire fee is extinguished. *Id.*

Respondent, Cecil Hagan, claims the parties in the divorce action, she and Clifford, intended the survivor between the two of them to take the property. She relies on the case of *Hunter v. Hunter,* 320 S.W.2d 529 (Mo.1959) for the proposition that the property order by the divorce court should be construed with the parties' intent. Respondent's reliance is misplaced.

 *Hunter* dealt with a conveyance in a will. We are bound by the rules relating to the construction of judgments. Respondent's affidavits from herself, her divorce lawyer and Clifford's divorce lawyer amount to a collateral attack on the divorce decree. Such an attack offends the general rule that a judgment cannot be modified, explained, or contradicted by resort to extrinsic evidence. *Jacobs v. Jacobs,* 628 S.W.2d 729, 730 (Mo.App.1982).

 If the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in light of the literal meaning of the language used. *Id.* (quoting *Hampton v. Hampton,* 536 S.W.2d 324, 325 (Mo.App.1976)). The order "from this date forward as joint tenants with rights of survivorship and not as tenants in common" is plain and unambiguous.

The phrase "from this date forward" does not create an ambiguity. It is of no legal significance. A life estate was not created. A severable fee was.

The conveyance by Clifford Hagan to himself and plaintiffs-appellants, the Robertsons, severed the joint tenancy between he and respondent Cecil Hagan and created a tenancy in common. Plaintiffs-appellants are tenants in common with respondent and own an undivided one-half interest. They are entitled to have the property partitioned and sold, receiving half the proceeds, less sale expenses. The judgment of the trial court is reversed and the case remanded.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.