Cindy Ann HOWARD, Respondent,

v.

Ronald F. HOWARD, Appellant.

No. 68892.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 27, 1996.

Mark D. Hirschfeld, Clayton, for appellant.

Cindy Ann Howard, Madison, IL, pro se.

KAROHL, Judge.

Ronald Howard (Husband) appeals an order of the trial court granting Cindy Howard's (Wife) motion to quash garnishment of her wages. We reverse and remand.

Husband and Wife were married December 2, 1978. The court dissolved the marriage on December 11, 1991. The decree awarded the parties joint legal care and custody of three minor children. It gave Wife primary custody and Husband temporary custody on alternative weekends. In the division of marital property, the court awarded Wife the marital home located at 155 Martigney Drive. It offset the award by granting Husband a judgment against Wife for $11,-000. At the time, the real estate had a value of $70,000 and was subject to a mortgage of $39,228.

The portion of the decree which is the source of the present dispute is as follows:

48. As a further division of marital property [Husband] shall have and recover of [Wife] the sum of Eleven Thousand Dollars ($11,000.00); however, execution upon said judgment shall be stayed until the occurrence of any one of the following events, whichever shall first occur:

A. The attainment by [the youngest child] of age eighteen (18); or

B. The sale of the premises at 155 Martigney by [Wife]; or

C. The failure of [Wife] to occupy the premises at 155 Martigney as her sole and exclusive residence.

Wife continued to live in the family residence with the children until January, 1995, when mortgagee foreclosed on the property and sold it for $42,000. On May 18, 1995, Husband filed an application for garnishment of Wife's wages in order to collect on the $11,-000 judgment. On June 14, 1995, Wife filed a motion to quash garnishment. The trial court granted her motion. Wife has not participated in Husband's appeal.

Husband contends the decree contains "plain and unambiguous language" regarding the $11,000 award and the conditions for stay of execution no longer apply. We agree.

We review the trial court's judgment according to *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). A ruling on a motion to quash execution and garnishment is an appealable order. *See Schulz v. Schulz,* 627 S.W.2d 91, 92 (Mo.App.1982). A judgment cannot be modified, explained, or contradicted by extrinsic evidence. *Robertson v. Hagan,* 782 S.W.2d 780, 781 (Mo.App.1989). "If the language employed is plain and unambiguous there is no room for construction or interpretation, and the effect thereof must be declared in light of the literal meaning of the language used." *Robertson,* 782 S.W.2d at 781 (*quoting Hampton v. Hampton,* 536 S.W.2d 324, 325 (Mo.App.1976)).

In her motion, Wife alleged several reasons to quash the garnishment: (1) she was unable to make her mortgage payments due to loss of employment; (2) none of the three conditions set out in paragraph 48 of the decree were met, specifically the parties' youngest child had not reached the age of eighteen, she had not sold the property, and the foreclosure did not constitute a sale.

Wife's position is unsound primarily because one of the events has occurred; she no longer occupies the property as a home for herself and the children. It is irrelevant whether Wife's failure to reside on the property was voluntary or, as she alleged, "involuntary and not within her control." The terms of the decree are plain and unambiguous as to events which lift the stay of execu-

tion. At least one described event has occurred. Moreover, the decree ordered "Each party shall do any and all things necessary to carry out and given [sic] effect to this decree, including the surrender of any property awarded to the other and the execution of any and all deeds, titles, documents and other instruments."

The result may cause hardship but this will not support a change in the terms of the decree. The decree provides no equitable exceptions to Husband's right to be paid. The judgment is enforceable by execution and garnishment.

The trial court's ruling to quash was erroneous as a matter of law on undisputed facts.

We reverse and remand.

REINHARD, P.J., and CRANDALL, J., concur.